**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MARC GRANO, as personal representative of**
**The WRONGFUL DEATH ESTATE OF**
**JONATHAN ANDREW GARCIA, and a Next**
**Friend to J.O.G., A.S.R., An.J.G., and Ar.J.G.**

        **Plaintiff,**

**v.**                                     **Case No. 1:20-cv-00147-PJK-KK**

**STATE OF NEW MEXICO, GREGG**
**MARCANTEL, New Mexico Secretary of**
**Corrections, DAVID JABLONSKI, New Mexico**
**Secretary of Corrections, CLARENCE**
**OLIVAS, Deputy Warden of Penitentiary of**
**New Mexico JOHN DOES 1 through 5,**
**employees, staff, agents of Penitentiary of New**
**Mexico,**

        **Defendants.**

**PLAINTIFF'S EMERGENCY MOTION TO RECONSIDER**
**ORDER DISMISSING CASE**

Plaintiff Marc Grano, as Personal Representative of the Wrongful Death Estate of Jonathan

Garcia ("Plaintiff") hereby emergently moves this court for an Order Reconsidering its Dismissal

of the instant case as the service of process was completed within the deadline set by the Court. In

support of this emergent request, Plaintiff states:

Relevant Background

      1.      On June 25, 2020, the Court entered an Order to Show Cause directing Plaintiff to

show cause as to why this case should not be dismissed for failure to serve Defendants within the

time allocated for service in Fed.R.Civ.P.4(m). (Document 004)

      2.      On July 9, 2020, Plaintiff filed his Response and requested an extension of time,

until July 23, 2020, in which to serve the Defendants. (Document 005)

3.      On July 10, 2020 the Court granted the extension of time to serve the Defendants requested by Plaintiff. (Docket Text Entry 006)

4.      After the difficulty of finding a process server willing to undertake service during the present Covid-19 restrictions and precautions, which were especially important in this case because service is upon the State of New Mexico, state actors, and a second service was required to be made upon the New Mexico Attorney General's Office, Plaintiff's counsel requested that a law clerk familiar with the Roundhouse assist in and arrange for service of the Complaint.

5.      Plaintiff's law clerk arranged for and completed service within the Court-approved deadline.

6.      The New Mexico Attorney General's office was contacted and directed the clerk to provide the names of the entities and persons being served (as copies).

7.      Carol Ann Ortiz from the New Mexico Attorney General's office then confirmed that the Attorney General's Office would accept the summonses by email.

8.      The email service was made on July 21, 2020.

9.      Service on the Attorney General's office is in addition to, not in lieu of, service on the parties.

10.     After being unable to get through to anyone in the Governor's office on July 21st, 22nd, or 23rd, undersigned counsel's clerk drove to the Roundhouse and contacted building security to explain why he was there.

11.     Counsel's clerk waited outside for about an hour while the security staff made contact with the Governor's staff.

12.     Eventually, Jonathan Gus, who works in Governor Michelle Lujan Grisham's office, came down to the entrance and accepted the summonses for the State of New Mexico and its agents and employees.

13.     Due to an error and confusion on the part of the clerk, he did not send the completed summonses to undersigned counsel.

14.     Undersigned counsel's clerk is sitting for the California Bar Exam, which was moved from July to September and then to October. This caused him to be unfortunately distracted.

15.     Plaintiff did not mean to delay in the filing of the executed Returns of Service.

16.     Plaintiff is grateful to the clerk for electing to deal with the service, but did not anticipate that it would lead to delay in filing the executed Returns of Service.

17.     On August 21, 2020, this Court dismissed the instant case while it was unaware that Plaintiff had effected service as required. (Document 007)

18.     Under the present circumstances, in light of the pandemic and important safety precautions but also in view of the fact that Plaintiff did serve the Complaint within the time permitted by the Court, Plaintiff requests that the Court reconsider its Order dismissing this matter, reinstate the case, and allow Defendants to Answer and the case to proceed under the normal course.

The Rules of Civil Procedure do not explicitly "recognize a motion to reconsider." *N.M. Ctr. on Law and Poverty v. Squier*, 131 F. Supp. 3d 1241, 1246 (D.N.M. 2014) (quotation omitted). However, "the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to rule 59(e) or a motion seeking relief from the judgment pursuant to rule 60(b)." *Id.; see also Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (construing motion to reconsider under Rules 59(e) and 60(b)).

Rules 59(e) and 60(b), apply to final orders and judgments that adjudicate all the parties' rights and liabilities. *See Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (Finality requirement for Rule 60(b) review); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (Finality requirement for Rule 59(e) review). As the Order at issue disposes of all the claims in this action, it is a final order.

**WHEREFORE**, Plaintiff requests that the Court use its authority to amend the final order, which dismissed this matter, to reconsider and rescind that order based upon the foregoing inadvertence, confusion, and excusable neglect. Rule 60(b). As the Complaint has been served there will be no further delay in serving and the parties can move forward as required by the Federal Rules of Civil Procedure and the Local Rules.

Respectfully submitted,

By:     */s/ Joseph M. Romero 09/17/20*
        Joseph M. Romero, Esq.
        Attorney for Plaintiff
        1905 Lomas Blvd. N.W.
        Albuquerque, NM 87104
        (505) 843-9776
        joe@romerolawnm.com

I certify that a true copy of the foregoing pleading
was filed and served upon opposing counsel via
CM/ECF on the 17[h] day of September, 2020.

By: /s/Joseph M. Romero
Attorney for Plaintiffs