## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARC GRANO, as personal representative of
The WRONGFUL DEATH ESTATE OF
JONATHAN ANDREW GARCIA, and a Next
Friend to J.O.G., A.S.R., An.J.G., and Ar.J.G.

       **Plaintiff,**

v.                                                          Case No. 1:20-cv-00147-PJK-KK

STATE OF NEW MEXICO,
GREGG MARCANTEL, New Mexico Secretary of Corrections,
DAVID JABLONSKI, New Mexico Secretary of Corrections,
CLARENCE OLIVAS, Deputy Warden of Penitentiary of New Mexico
BRIAN LUCERO, Corrections Officer,
FNU MARTINEZ, Corrections Officer,
CAPTAIN FNU BACA, Corrections Officer,
SGT FNU WELLS, Corrections Officer
JOHN DOES 1 through 5, employees, staff, agents of
Penitentiary of New Mexico,

       **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held via telephone on November 5, 2020

and was attended by:

       Joseph M. Romero for Plaintiffs
       P.O. Box 27579
       Albuquerque, NM 87125
       (505) 433-1642
       joe@romerolawnm.com

       Rodney Gabaldon for Defendants.
       Walsh Gallegos Treviño & Kyle P.C.
       500 Marquette Ave. NW, Suite 1310
       Albuquerque, NM 87102
       (505) 243-6864
       rgabaldon@wabsa.com

## NATURE OF THE CASE

This is a civil rights case arising from the death of Plaintiff's decedent, Jonathan Andrew Garcia, while he was in the custody of The New Mexico Corrections Department (NMCD).  Plaintiff alleges that in the days leading up to his death, Mr. Garcia was denied medication and medical care for a heart condition that was known or should have been known to Defendants.  Plaintiff further alleges that when Mr. Garcia's condition worsened, and emergency care was necessary, Defendants failed to transport him to a facility that could provide the necessary care he required.  Finally, Plaintiff alleges that when Defendants eventually transported Mr. Garcia to the Christus Saint Vincent Hospital in Santa Fe, New Mexico, he collapsed and died in the parking lot due to Defendants' failure to provide medication and medical care.  Plaintiff alleges that deficiencies and specific actions and failings by Defendants were the proximate cause of Jonathan Andrew Garcia's wrongful death.  Plaintiff alleges that said deficiencies, actions, and/or failings resulted in a violation of Jonathan Andrew Garcia's civil rights. Defendants deny liability and/or dispute the damages alleged.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: At this time, Plaintiff does not intend to join any additional parties. If other liable parties' identities come to light in the discovery phase of this case, Plaintiff may seek leave to amend.

Plaintiffs should be allowed until December 21, 2020, to move to amend the pleadings and until December 21, 2020, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: At this time, Defendants do not intend to join any additional parties. If other liable parties' identities come to light in the discovery phase of this case, Defendants may seek leave to amend.

Defendants should be allowed until <u>December 21, 2020</u> to move to amend the pleadings and until <u>December 21, 2020,</u> to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts.

1.      On February 20, 2017, Plaintiff was an inmate in the custody of the New Mexico Corrections Department.

2.      At all material times, the individually named Defendants were acting within the course and scope of their official duties.

## PLAINTIFFS' CONTENTIONS:

Plaintiff contends that Jonathan Andrew Garcia was an inmate in the custody of NMCD for several years prior to his death. A short time before his death, he was released on parole.  He had only been released on parole for a short length of time before he was arrested and returned to the custody of NMCD at PNM as a result of a parole violation.    In the days leading up to his death, Mr. Garcia was held at PNM in Santa Fe County, New Mexico.

Mr. Garcia had a severe and chronic heart condition that previously caused him to suffer a heart attack. Plaintiff contends that Mr. Garcia's medical history and the nature of his chronic heart condition was well documented by and known to NMCD as a result of medical treatment and evaluation he received over the course of years that he was an inmate in the custody of NMCD. Mr. Garcia's medical condition and NMCD's ability to properly treat him was the subject and

basis for several transfers to and from different NMCD facilities while he was an inmate in the custody of NMCD prior to his death.

Plaintiff contends that in the days leading up to Mr. Garcia's death, while he was an inmate at PNM, he was experiencing severe symptoms related to his heart condition. Plaintiff contends that there were no medical doctors, nurses or other healthcare professionals available to evaluate and treat Mr. Garcia at this time. Plaintiff further contends that Mr. Garcia was not being provided with the medication prescribed to him for his heart condition on the days leading up to his death. Plaintiff contends that Mr. Garcia suffered for days before two NMCD staff members finally transported him to the Christus St. Vincent Regional Medical Center in Santa Fe, New Mexico. Plaintiff contends that when Decedent was finally transported, NMCD staff ordered him to exit the transport vehicle and walk in to the hospital on his own.  Plaintiff contends that as he attempted to walk in to the hospital, Mr. Garcia collapsed and died in the parking lot at Christus St. Vincent Regional Medical Center on February 20, 2017.

Plaintiff contends that Defendants denied Jonathan Andrew Garcia access to medication and medical care within the NMCD facility where he was housed, and further denied him critical emergent medical attention as his condition progressed and became worse. Plaintiffs contend that the actions of Defendants resulted in violations of Mr. Garcia's constitutional rights and resulted in his wrongful death.

## **DEFENDANTS' CONTENTIONS**

**Defendants contend that Decedent died a natural death that was in no way caused by the actions or inactions of Defendants.**

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

4

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses**

1. Marcella Garcia
   8509 Sapphire SW
   Albuquerque, NM 87121
   (505) 554-0848

   Ms. Garcia is Jonathan Andrew Garcia's mother and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

2. Albert Garcia
   10747 Pipestone Road SW
   Albuquerque, NM 87121
   (505) 270-2841

   Mr. Garcia is Jonathan Andrew Garcia's father and will testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

3. Samantha Marie Pacheco
   10405 Solitude Rd. SW
   Albuquerque, NM 87121

   Ms. Pacheco is the mother of Jonathan Andrew Garcia's minor child, J.O.G. She is expected to testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

4. Erica Nicole Rodriguez
   519 94th Street SW
   Albuquerque, NM 87121

   Ms. Rodriguez is the mother of Jonathan Andrew Garcia's minor children, A.S.R., An.J.G. and Ar.J.G. She is expected to testify to incidents and allegations in Plaintiff's Complaint, Plaintiff's damages and may provide other relevant and admissible testimony in this matter.

5.  Defendant Gregg Marcantel
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Marcantel is anticipated to testify concerning his background, employment with
    NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD
    and PNM, and may provide other relevant and admissible testimony.

6.  Defendant David Jablonski
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Jablonski is anticipated to testify concerning his background, employment with
    NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD
    and PNM, and may provide other relevant and admissible testimony.

7.  Defendant Clarence Olivas
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Olivas is anticipated to testify concerning his background, employment with
    NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD
    and PNM, and may provide other relevant and admissible testimony.

8.  Defendant Brian Lucero
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Lucero is anticipated to testify concerning his background, employment with
    NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD
    and PNM, and may provide other relevant and admissible testimony.

9.  Defendant FNU Martinez
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

Defendant Martinez is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

10. Defendant FNU Baca
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Baca is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

11. Defendant FNU Wells
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Wells is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

12. All Medical Care Providers who treated Jonathan Andrew Garcia.

    Mr. Garcia's medical records will identify all of his treating providers and the facilities where treatment was provided. Plaintiff would like to refrain from identifying Mr. Garcia's medical providers in a public pleading, but does not object to providing all of his medical records from the hospitals and facilities at which he has been seen.

13. Any person identified by Defendants.

14. Any custodian of records as may be necessary to authenticate records and lay a foundation

    for the admission of documentary exhibits.

15. Any witnesses necessary for foundation, impeachment or rebuttal.

16. Any witnesses identified during discovery.

17. Any witnesses identified in any of the Parties' Initial Disclosures.

18. Any expert witness retained and identified by Defendants or by any other party.

**Plaintiff's Exhibits**

1. Any incident reports or other documentation generated by Defendants or any other employees and/or agents of any Defendants related to Plaintiff's injury (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

2. Any reports and investigatory records created by any entity that investigated any aspect of the incident described in Plaintiff's Complaint (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

3. Any disciplinary reports and/or personnel records and/or employment records regarding any of the individually named Defendants (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

4. Jonathan Andrew Garcia's medical records;

5. Jonathan Andrew Garcia's medical bills;

6. Any and all documents listed by any other party in this matter (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

7. Copies of depositions of parties or witnesses (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

8. Copies of any and all pleadings regarding any Defendant or other documents filed with the Court (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

9. Copies of any and all documents produced in or obtained by any party in discovery (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

10. Any and all exhibits attached to any deposition in this matter (Plaintiff does not presently possess any of these documents to provide to Defendants at this time);

11. Any and all exhibits disclosed, offered, or identified at any time and in any fashion by any other party (Plaintiff does not presently possess any of these documents to provide to Defendants at this time).

12. Any and all documents provided to or relied on by any expert retained by any party in this lawsuit (Plaintiff does not presently possess any of these documents to provide to Defendants at this time).

13. Plaintiff reserves the right to supplement this exhibit list as additional exhibits are identified through discovery.

**Plaintiff's Experts**

Plaintiff has not identified any expert witness at this stage, but will do so in accordance with the Scheduling Order in this matter and Fed. R. Civ. P. 26.

**Defendants' Witnesses**

1. Defendant Gregg Marcantel
   c/o Rodney Gabaldon, Esq.
   Walsh Gallegos Treviño & Kyle P.C.
   500 Marquette Ave. NW, Suite 1310
   Albuquerque, NM 87102

   Defendant Marcantel is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

2. Defendant David Jablonski
   c/o Rodney Gabaldon, Esq.
   Walsh Gallegos Treviño & Kyle P.C.
   500 Marquette Ave. NW, Suite 1310
   Albuquerque, NM 87102

   Defendant Jablonski is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

3. Defendant Clarence Olivas
   c/o Rodney Gabaldon, Esq.
   Walsh Gallegos Treviño & Kyle P.C.
   500 Marquette Ave. NW, Suite 1310
   Albuquerque, NM 87102

   Defendant Olivas is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

4. Defendant Brian Lucero
   c/o Rodney Gabaldon, Esq.
   Walsh Gallegos Treviño & Kyle P.C.
   500 Marquette Ave. NW, Suite 1310
   Albuquerque, NM 87102

   Defendant Lucero is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

5.  Defendant FNU Martinez
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Martinez is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

6.  Defendant FNU Baca
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Baca is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

7.  Defendant FNU Wells
    c/o Rodney Gabaldon, Esq.
    Walsh Gallegos Treviño & Kyle P.C.
    500 Marquette Ave. NW, Suite 1310
    Albuquerque, NM 87102

    Defendant Wells is anticipated to testify concerning his background, employment with NMCD, his knowledge of Plaintiff, the incident alleged by Plaintiff, the policies of NMCD and PNM, and may provide other relevant and admissible testimony.

8.  All Medical Care Providers who treated Jonathan Andrew Garcia.

    Mr. Garcia's medical records will identify all of his treating providers and the facilities where treatment was provided. Plaintiff would like to refrain from identifying Mr. Garcia's medical providers in a public pleading, but does not object to providing all of his medical records from the hospitals and facilities at which he has been seen.

9.  Any person identified by Plaintiff.

10. Any custodian of records as may be necessary to authenticate records and lay a foundation

    for the admission of documentary exhibits.

11. Any witnesses necessary for foundation, impeachment or rebuttal.

12. Any witnesses identified during discovery.

13. Any witnesses identified in any of the Parties' Initial Disclosures.

14. Any expert witness retained and identified by Plaintiff or by any other party.

**Defendants' Exhibits**

1. Any incident reports or other documentation generated by Defendants or any other employees and/or agents of any Defendants related to Plaintiff's ;

2. Any reports and investigatory records created by any entity that investigated any aspect of the incident described in Plaintiff's Complaint;

3. Any disciplinary reports and/or personnel records and/or employment records regarding any of the individually named Defendants;

4. Jonathan Andrew Garcia's medical records;

5. Jonathan Andrew Garcia's medical bills;

6. Any and all documents listed by any other party in this matter;

7. Copies of depositions of parties or witnesses;

8. Copies of any and all pleadings regarding Plaintiff or other documents filed with the Court;

9. Copies of any and all documents produced in or obtained by any party in discovery;

10. Any and all exhibits attached to any deposition in this matter;

11. Any and all exhibits disclosed, offered, or identified at any time and in any fashion by any other party.

12. Any and all documents provided to or relied on by any expert retained by any party in this lawsuit;

13. Defendants reserve the right to supplement this exhibit list as additional exhibits are identified through discovery.

**Defendants' Experts**

Defendants have not identified any expert witness at this stage, but will do so in

accordance with the Scheduling Order in this matter and Fed. R. Civ. P. 26.

## <u>DISCOVERY PLAN</u>

Discovery will be needed on the following subjects: Liability and damages.

Maximum of 25 interrogatories by any party to any other party, inclusive of all subparts. (Responses due 30 days after service).

Maximum of 25 Requests for production by any party to any other party, inclusive of all subparts. (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

      from Plaintiff(s) by February 22, 2021

      from Defendant(s) by March 22, 2021

Supplementation under Rule 26(e) due 14 days after new information is obtained or received.

All discovery commenced in time to be complete by May 19, 2021.

Other Items: N.A.

## **PRETRIAL MOTIONS**

Plaintiffs intend to file: Motions in Limine; Motion for Summary Judgment; Motions related to discovery as necessary; any other motions necessary to litigate this matter that are permitted under the Rules of Civil Procedure.

Defendants intend to file:

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

\_\_\_\_ This is a non-jury case.

X This is a jury case.

The parties request a pretrial conference within 45 days of trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to commission of discovery. The parties request a settlement conference at the close of discovery.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS

/s/ Joseph M. Romero
Joseph M. Romero
P.O. Box 27579
Albuquerque, NM 87125
(505) 242-0707 voice
joe@romerolawnm.com
*Attorney for Plaintiff*


Approved via email on 12/16/2020
Rodney Gabaldon
Walsh Gallegos Treviño & Kyle P.C.
500 Marquette Ave. NW, Suite 1310
Albuquerque, NM 87102
(505) 243-6864
rgabaldon@wabsa.com
*Attorneys for Defendants*