IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **MARC GRANO as personal representative of the WRONGFUL DEATH ESTATE OF JONATHAN ANDREW GARCIA and a Next Friend to J.O.G., A.S.R., An.J.G and Ar.J.G**<br><br>**Plaintiff,**<br><br>v.<br><br>**STATE OF NEW MEXICO, GREGG MARCANTEL, New Mexico Secretary of Corrections, DAVID JABLONSKI, New Mexico Secretary of Corrections, CLARENCE OLIVAS, Deputy Warden Of Penitentiary of New Mexico, BRIAN LUCERO, Corrections Officer, FNU MARTINEZ, Corrections Officer, FNU BACA, Captain, Corrections Officer, FNU WELLS, Sergeant, Corrections Officer, and JOHN DOES 1 through 5, employees, staff, agents of Penitentiary of New Mexico,**<br><br>**Defendants.** | Case No. 1:20-cv-00147-PJK-KK |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants and ask that the Court award summary judgment based upon deemed admissions to discovery requests. After failing to timely serve its Complaint on Defendants [See Dkt. No. 4], Plaintiff continued his dilatory behavior by failing to answer Requests for Admission (and other discovery devices). Failure to timely answer Requests for Admission means that the matter is deemed admitted. Several of the Requests for Admission asked Plaintiff to admit the absence of essential elements of his alleged causes of action. By failing to timely answer that Request, Plaintiff has thus admitted he suffered no damages.

Damages are an essential element of Plaintiff's claims. Therefore, Plaintiff cannot meet his burden of proof on any of his claims. Judgment must be granted in favor of the Defendants and and Plaintiff's Complaint must be dismissed with prejudice. In support of its Motion, the Defendants respectfully show the Court as follows:

> **I. The undisputed material facts show that Plaintiff admits he sustained no damages as result of any alleged acts or admissions of the Defendants and admits that no Defendant violated his rights under state or federal law or regulation.**

1. On March 15, 2021, Defendants served Plaintiff, by email and first class mail, a set of Requests For Admissions. A true and correct copy of the Requests and the certificate of service are attached as Exhibits 1 and 2, respectively.

2. Plaintiff was required to answer the Requests for Admission by April 14, 2021. [FRCP Rule 36(a)(3)].

3. One Request asked Plaintiff to "Admit you have sustained no damages as a result of your allegations against Defendants in this lawsuit." [Req. for Admission No. 4, Ex. 1].

4. Another request asked Plaintiff to "Admit no act or omission on the part of any employee, agent, or representative of Defendants has proximately caused you damages or harm." [Req. for Admission No. 5, Ex. 1].

5. Yet another request asked Plaintiff to "Admit no employee, former employee, agent or representative of Defendants has violated any state or federal law or regulation with regard to your allegations against Defendants in this lawsuit." [Req. for Admission No. 6, Ex. 1].

6. No discovery responses have been received as of May 10, 2021. Indeed, Plaintiff has not responded to a single discovery request issued by Defendants. See Pacer listing no Certificate of Service after Defendants' Certificate served on March 15, 2021.

    **II.    An essential element to state a claim under statue providing civil action for deprivation of rights is that conduct complained of deprived plaintiff of rights, privileges or immunities secured by Constitution or laws of the United States.**

7. There are two essential elements to stating a claim under 42 U.S.C. Section 1983: (1) the conduct complained of was by a person acting under color of state law; (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or Laws of the United States. **Adickes v. Kress & Co.**, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); **Palacios v. Foltz**, 441 F.2d 1196 (10 Cir. 1971); **Endicott v. Van Petten**, 330 F.Supp. 878 (D.Kan.1971).

8. By admitting that no employee, former employee, agent or representative of Defendants has violated any state or federal law or regulation" with regard to his allegations, Plaintiff has acknowledged the lack of proof for the essential elements of his claims.

    **III.    Defendants are entitled to Summary Judgment and dismissal of Plaintiff's claims with prejudice.**

9. Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986); **Kendall v. Watkins**, 998 F.2d 848, 850 (10th Cir.1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. **Celotex**, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Kaul v. Stephan**,83 F.3d 1208, 1212 (10th Cir.1996).

10. In this case, Plaintiff has conclusively established that he cannot show a person acting under color of state law violated his rights under state or federal law or regulation. Further, he has conclusively established he cannot meet his burden of proof to show damages.

## PRAYER

WHEREFORE, Defendants ask the Court to dismiss Plaintiff's claims with prejudice, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        WALSH GALLEGOS TREVIÑO
        RUSSO & KYLE, P.C.

        BY: *Rodney L. Gabaldon*
            Rodney L. Gabaldón
            New Mexico State Bar No. 10514
            500 Marquette Avenue NW, Suite 1310
            Albuquerque, NM   87102-5316
            Telephone: (505) 243-6864
            E-mail: rgabaldon@wabsa.com
            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of May 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM 87125
Tel: (505) 433-1642
E-mail: joe@romerolawnm.com
*Attorney for Plaintiff*

                                                    By: */s/ Rodney L. Gabaldon*
                                                        Rodney L. Gabaldon