IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARC GRANO,**
    **Plaintiff,**

vs.                    No. 1:20-cv-00147-PJK-KK

**STATE OF NEW MEXICO,** *et al.***,**
    **Defendants.**

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

  Plaintiff Marc Grano, through counsel, Joseph M. Romero, pursuant to Fed.R.Civ.P. 37, requests that the Court compel Defendants to produce the information and materials sought in this Motion. Plaintiff further requests that, if Defendants have destroyed the information sought, that sanctions be entered as described herein. In support of this motion, Plaintiff states:

  **I.**  **RELEVANT FACTS**

  1.  This is a Wrongful Death Claim that arises from Defendants' deliberate indifference to decedent inmate Jonathan Garcia's known, serious heart condition.

  2.  Specifically, on February 20, 2017, Plaintiff's decedent, Jonathan Andrew Garcia, died in the parking lot of Christus St. Vincent's Hospital in Santa Fe, New Mexico while in the custody of the New Mexico Corrections Department.

  3.  On May 18, 2017, counsel for Plaintiff served notice on Defendants that Mr. Garcia's family would be filing suit against the State of New Mexico and the New Mexico Corrections Department for violations of the New Mexico Tort Claims Act and violations of Mr. Garcia's Constitutionally protected rights.

  4.  On November 19, 2021, Defendants served Plaintiff with their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). In their disclosures, Defendants stated they would produce

relevant documents, including but not limited to medical records and corrections department records, subject to the entry of a Protective Order.

5. The Protective Order requested by Defendants was entered on February 24, 2021. On February 19, 2021, counsel for Plaintiff requested by email that Defendants produce the documents they promised to provide in their Rule 26 initial disclosures. Defendants did not respond.

6. On June 21, 2021, counsel for Plaintiff again requested by email that Defendants produce the documents they promised to provide in their Rule 26 initial disclosures. Defendants did not respond.

7. On July 2, 2021, counsel for Plaintiff again requested by email that Defendants produce the documents they promised to provide in their Rule 26 initial disclosures. Defendants did not respond.

8. On August 8, 2021, counsel for Plaintiff again requested by email that Defendants produce the documents they promised to provide in their Rule 26 initial disclosures.

9. On September 21, 2021, former defense counsel Craig Wood emailed forty-one (41) pages of documents that did not include Mr. Garcia's inmate file or his New Mexico Corrections Department medical record.

10. On September 21, 2021, Plaintiffs served Defendants with Plaintiff's First Interrogatories, Requests for Admission and Requests for Production. These discovery requests included Plaintiff's Request for Production No. 3 which request production of all documents which relate to, pertain to, or mention Mr. Garcia and Request for Production No. 10 which requests the production of Mr. Garcia's medical records.

11. On November 12, 2021, after requesting and being granted a twenty-one (21) day extension to respond, Defendants served their Answers and Responses.

12. Defendants' first responses included what Plaintiff has now learned to be an incomplete copy of Mr. Garcia's medical records. Notably, the medical record provided by Defendants is missing a report and tracing from an EKG that was reported to medical provider at the New Mexico Corrections Department and/ or Christus St. Vincent's Hospital. *See, attached, Exhibit 1*: Expert Witness Report of Dr. Alon Steinberg p. 2, noting that the EKG provided by Defendants to Christus St. Vincent Hospital is not included in any records that have been produced ("An EKG was performed and reported to provider (assuming Dr. Andrade). There is no documentation in chart of the actual electrocardiogram (EKG) tracing, nor the interpretation of EKG results nor what time was it performed.")

13. Defendant's responses included a promise to supplement with additional document production, including Mr. Garcia's inmate file.

14. On January 5, 2022, the Court held a status conference. During the conference, counsel for Plaintiff advised the Court that Plaintiff had not yet received Mr. Garcia's inmate file from the Defendants and would not be able to comply with case management deadlines regarding the disclosure of expert witnesses as a result of the Defendants' continued delay in producing the file. Counsel for the Defendants advised the Court that the file would be produced later that day or the next day.

15.     Following the status conference on January 5, 2022, Defendants served their first supplemental responses to Plaintiff's discovery requests. This supplemental production did not contain Mr. Garcia's inmate file.[1]

16.     On January 20, 2022, Magistrate Judge Khalsa held a telephonic stats conference in which Defendants failed to appear.

17.     On January 28, 2022, a second status conference was held by Magistrate Judge Khalsa. Counsel for Plaintiffs advised the Court that Defendants had not yet provided Mr. Garcia's inmate file as previously promised by January 6, 2022.  Judge Khalsa then ordered counsel for Defendants to produce the file no later than January 31, 2022.

18.     On January 31, 2022, Defendants produced a small portion of Mr. Garcia's inmate file pertaining to his parole violation. Defendants also produced an index indicating all the categories of documents that are contained in a New Mexico Corrections Department inmate file. *Exhibit 2: Index of an Inmate File*.

19.     Finally, Defendants produced an affidavit from New Mexico Corrections Chief Deputy General Counsel indicating that the Department was unable to locate Mr. Garcia's inmate file.  *Exhibit 3: Affidavit of Brian Fitzgerald, Esq*.

20.     On February 11, 2022, counsel for Plaintiff contacted Defendants' attorneys by email to inform them that Plaintiff would be filing this motion and that due to the relief being sought, it was assumed that the motion would be opposed.

21.     On March 1, 2022, Defendants served an update to discovery. That update did not include any additional portions of or information derived from Jonathan Garcia's inmate file.

---

[1] Plaintiff has not attached the insufficient documents produced in order to ensure that this Motion complies with the protective order entered in this case. Plaintiff does not anticipate that Defendants will disagree as to any of the facts recounted herein.

## II.     ARGUMENT AND AUTHORITIES

Fed.R.Civ.P. Rule 37(a) allows the filing of a Motion to Compel where a party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed.R.Civ.P. Rule 37(a)(3)(A)(iv). If the motion is granted, the court "must require, after giving an opportunity to be heard, require the party … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. Rule 37(a)(5). Defendant's failure to provide Jonathan Garcia's inmate file either as part of their Rule 26 disclosures or in response to Plaintiff's Requests for Production is not justified.

Fed.R.Civ.P. Rule 37(d) allows a court to impose sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed.R.Civ.P. Rule 37(d)(1)(A)(ii). The sanctions the court may impose include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; and dismissing the action or proceeding in whole or in part.

Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(d)(3). *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673 (10th Cir. 2012).

Defendants' failure to serve a Response or provide any responsive documents, despite efforts by Plaintiff to cooperate in obtaining the overdue Response and documents, despite this Court's orders, and despite the fact that Defendants maintain the documents identified in the

provided index, *provided as Exhibit 2*, for every inmate is wholly unjustifiable. The claim that Defendants lost the entirety of Jonathan Garcia's inmate file is not believable. At a minimum, the Court should order Defendant to immediately serve a Response and produce the responsive documents and to pay Plaintiff the attorneys' fees incurred in bringing this Motion. Furthermore, given the substantial delays in this case caused by Defendants' failure to fulfill their discovery obligations which have necessitated multiple motions to extend Plaintiff's expert disclosure deadline—and which is still hamstringing Plaintiff's ability to retain a correctional procedures expert—as well as preventing Plaintiff from acquiring records that Plaintiff cannot gather from any other source, the Court would be justified in imposing a more severe sanction under Rule 37(d) up to and including entry of judgment in favor of Plaintiff. *Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011) (Hartz, J.) (where record shows that a party failed to comply with a document request and two court orders compelling production of materials within the party's control, dismissal was an appropriate sanction whether or not the court considered the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

    The factors the court should consider in imposing a sanction are:

    (1) the degree of actual prejudice to the defendant;

    (2) the amount of interference with the judicial process;

    (3) the culpability of the litigant;

    (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and

    (5) the efficacy of lesser sanctions.

*Ehrenhaus*, at 921 (internal quotations omitted). Plaintiff is prejudiced by Defendants' total failure to respond to critical discovery. Defendants' actions amount to a significant interference with the

judicial process. No justification or explanation has been offered for the total failure to respond, beyond the claim that Defendants simply cannot locate the data; thus, Defendants' culpability is significant. The Court has not yet warned Plaintiff of the possible sanction of judgment for the Plaintiff, but Rule 37(d) puts Defendant squarely on notice of this possibility for a total failure to respond. Lesser sanctions may be effective, but Plaintiff urges the Court to send a clear message to Defendants concerning the seriousness of its discovery obligations. The Court has the authority under Rule 37(d) to consider lesser sanctions such as not allowing Defendants to introduce any evidence arguing that they were unaware of Jonathan Garcia's serious heart condition. The case needs to move forward. Defendants' disregard of its obligations has subtbrought the case to a standstill.

### III. CONCLUSION

**WHEREFORE**, Plaintiff requests the Court compel Defendants to serve a complete and comprehensive Response that includes all of the inmate file contents referenced on the provided index, or alternatively to impose appropriate sanctions under Rule 37(d) for Defendants' failure to respond to Plaintiff's Request for Production. Plaintiff further requests and award of attorney's fees incurred in filing this Motion.

                                                          Respectfully submitted,

by:    /s/ Joseph M. Romero
         Joseph M. Romero
         Attorney at Law
         P.O. Box 27579
         Albuquerque, NM 87125
         (505) 433-1642
         joe@romerolawnm.com

I certify that a true copy of the foregoing pleading was filed and served upon opposing counsel via CM/ECF on the 1st day of March, 2022.

By: <u>/s/Joseph M. Romero</u>
      Attorney for Plaintiffs