**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **MARC GRANO as personal representative of the WRONGFUL DEATH ESTATE OF JONATHAN ANDREW GARCIA and a Next Friend to J.O.G., A.S.R., An.J.G and Ar.J.G** § § § § § § § | |
| **Plaintiff,** § § | |
| v. § § | **Case No. 1:20-cv-00147-PJK-KK** |
| **STATE OF NEW MEXICO, GREGG MARCANTEL, New Mexico Secretary of Corrections, DAVID JABLONSKI, New Mexico Secretary of Corrections, CLARENCE OLIVAS, Deputy Warden Of Penitentiary of New Mexico, BRIAN LUCERO, Corrections Officer, FNU MARTINEZ, Corrections Officer, FNU BACA, Captain, Corrections Officer, FNU WELLS, Sergeant, Corrections Officer, and JOHN DOES 1 through 5, employees, staff, agents of Penitentiary of New Mexico,** § § § § § § § § § § § § § § | |
| **Defendants.** § § | |

**MOTION TO COMPEL**

Defendant State of New Mexico by and through its counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Meghan S. Nicholson, and Rodney L. Gabaldon) pursuant to Rule 37 of the Federal Rules of Civil Procedure hereby submits its Motion to Compel discovery responses from the Plaintiff, Marc Grano as Personal Representative of the Wrongful Death Estate of Jonathan Andrew Garcia, and in support of which states:

1

1. Plaintiff filed this civil suit in the District Court of New Mexico on February 20, 2020 (ECF No. 3).

2. On March 15, 2021, Defendants sent Plaintiff's counsel the Defendants' First Set of Discovery Requests. *See* ECF No. 50.

3. Plaintiff did not respond to the First Set of Discovery Requests within 30 days.

4. On May 10, 2021, Defendants filed a Motion for Summary Judgment given the admissions inferred from Plaintiff's failure to respond to the Requests for Admission in the First Set of Discovery Requests. *See* ECF No. 52.

5. The Plaintiff moved to withdraw these admissions on June 7, 2021 (ECF No. 57), which the Court permitted and in doing so, also denied the Defendants Motion for Summary Judgment. *See* ECF No. 69. The Court, at its hearing concerning these issues, cautioned the parties to heed deadlines and warned that tardiness would not be tolerated. *See* ECF No. 68.

6. After further delays, Plaintiff's counsel provided Answers and Objections to the First Set of Discovery Requests on September 1, 2021. The Answers were provided to Defense counsel via email without a verification of its contents and no certificate of service for the Plaintiff's Answers was filed with the Court.

7. On December 17, 2021, Defendants sent their Second Set of Discovery Requests to the Plaintiff, Marc Grano, along with a certificate of service filed with the Court. *See* ECF No. 87. The responses from Plaintiff were due back to Defendants in 30 days pursuant to Rule 33 and 34 FRCP.

8. Also on December 17, 2021, Defendants requested dates of availability for the depositions of Marcella Garcia, Samantha Pacheco, and Erica Nicole Rodriguez, three declared fact witnesses and family members of the Decedent, Jonathan Andrew Garcia. *See* Exhibit A, Emails, p 1.

9. Plaintiff's counsel did not respond to this email.

10. On December 22, 2021, Defendant sent a follow-up email, forwarding the first request and renewing the request for deposition dates. *Id*.

11. Plaintiff's counsel did not respond to this email.

12. On January 3, 2022, Defense counsel sent yet another email requesting the dates and reminded Plaintiff's counsel that discovery was set to close less than two weeks later, on January 18, 2022. *Id*.

13. On January 4, 2022, Plaintiff's counsel responded providing two dates of availability for Marcella Garcia that were outside of the discovery window at the time and stating that Ms. Pacheco and Ms. Rodriguez's availability would be followed up later that same day. The email also sought Defendants' position on extending discovery to complete the necessary depositions. *Id*., p. 2 (providing dates of availability on January 25 and 28); *see also* ECF No. 82, setting the close of fact discovery as January 18, 2022, *and* ECF No. 91 filed on January 10, 2022, extending the close of fact discovery to February 16, 2022.

14. Defense counsel responded that same day that they did not oppose extending discovery but requested the form of order to evaluate it further. *See* Exhibit A, Emails, p. 2. No dates of availability for Ms. Pacheco or Ms. Rodriguez were ever provided.

3

15. On February 11, 2022, Plaintiff sent his Expert Witness Disclosure with disclosures for Dr. Alon Steinberg, Dr. M. Brian McDonald, and the certificate of service filed with the Court (ECF No. 98).

16. After the close of factual discovery on February 16, 2022, Defendants sent correspondence to Plaintiff's counsel regarding the failure to respond to the Second Set of Discovery Requests on February 21, 2022. The correspondence also addressed the unfulfilled requests for dates of availability, the failure to verify the Answers to the First Set of Discovery Requests, and several deficient discovery responses contained therein. *See* Exhibit B, Good Faith Letter.

17. Plaintiff's counsel did not respond to the correspondence.

18. On February 22, 2022, staff for Defense counsel sent an email to Plaintiff's counsel requesting dates of availability for the depositions of Plaintiff's recently declared experts, M. Brian McDonald and Dr. Along Steinberg. See Exhibit A, Emails, p. 3.

19. Plaintiff's counsel did not respond to this email.

20. On March 1, 2022, Plaintiff filed a Motion to Compel and for Sanctions arguing that Defendants have failed to respond to requests for Decedent's inmate file (ECF No. 101). Therein, Plaintiff requests the extreme sanction of an entry of judgment against Defendants due to the alleged failure to respond; however, the rules of discovery apply both ways. Further, while Defendants have been responsive to communications and provided what they retained possession of (*See* ECF No. 101-3, Brian Fitzgerald Affidavit), Plaintiff has not responded whatsoever to numerous discovery requests.

21. Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

22. Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides that a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows: … a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

23. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure permits the recovery of attorney fees for the prevailing movant in a motion to compel so long as the movant attempted in good faith to obtain the discovery without court action, the opposing party's nondisclosure was not justified, and there are no other circumstances making the award unjust.

24. Under Rule 37(a)(3) of the Federal Rules of Civil Procedure, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

25. Given Plaintiff's failure to provide verification of his Answers and Objections to Defendants' First Set of Discovery, failure to timely respond to the Defendants'

Second Set of Discovery Requests, failure to provide dates of availability for his fact and expert witnesses, and failure to respond to the Defendants' good faith letter, an Order from the Court compelling Plaintiff's responses is appropriate.

WHEREFORE, Defendants request that the Court enter an order compelling Plaintiff to produce: 1) a verification of his Answers, Objections, and Supplemental Answers to Defendants' First Set of Discovery, 2) Answers to Defendants' Second Set of Discovery Requests, 3) dates of availability for the depositions of Marcella Garcia, Samantha Pacheco, and Erica Nicole Rodriguez, or in the alternative an order excluding their testimony, 4) dates of availability for Dr. Alon Steinberg, and Dr. M. Brian McDonald, and 5) grant the Defendants' recovery for the costs and fees incurred in bringing this Motion to Compel and any other relief the Court deems just and proper.

Respectfully submitted:

GARCIA LAW GROUP, LLC

*/s/ Rodney Gabaldon*
RODNEY L. GABALDON
BRYAN C. GARCIA
MEGHAN S. NICHOLSON
*Attorneys for Defendant State of NM*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com
mnicholson@garcialawgroupllc.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion to Compel was served via Odyssey file and serve on this **8th day** of *March 2022* to:

Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM 87125
joe@romerolawnm.com
505-433-1642

Anna C. Martinez
P.O. Box 25304
Albuquerque, NM 87125
annacmartinezesq@gmail.com
505-750-8005

 */s/ Rodney Gabaldon*     \_
Rodney Gabaldon



Andrew Deakyne <adeakyne@garcialawgroupllc.com>

## Re: Deposition dates - Est. of Jonathan Garcia
1 message

**Meghan Nicholson** <mnicholson@garcialawgroupllc.com>  Mon, Jan 3, 2022 at 3:58 PM
To: Joe Romero <joe@romerolawnm.com>, "AnnaCMartinezEsq@gmail.com" <annacmartinezesq@gmail.com>
Cc: Rodney Gabaldon <rgabaldon@garcialawgroupllc.com>, Andrew Deakyne <adeakyne@garcialawgroupllc.com>

Counsel:

Please respond with the requested dates. We have a status conference on Wed. 1/5 regarding readiness for settlement facilitation, and discovery is set to close 1/18.

Meghan

On Wed, Dec 22, 2021 at 4:34 PM Andrew Deakyne <adeakyne@garcialawgroupllc.com> wrote:
> Good afternoon counsel,
>
> I just wanted to touch base again about getting these deposition dates for these fact witnesses prior to the upcoming holidays. I'd greatly appreciate it!
>
> Thanks,
>
> On Fri, Dec 17, 2021 at 11:17 AM Andrew Deakyne <adeakyne@garcialawgroupllc.com> wrote:
>> Good morning counsel,
>>
>> I am writing to request deposition dates for Mr. Garcia's mother, Marcella Garcia, as well as Samantha Pacheco and Erica Nicole Rodriguez. If you can supply a couple of dates for these fact witnesses before discovery closes it would be greatly appreciated!
>>
>> Thank you,
>>
>> --
>> **Andrew Deakyne**
>> **Garcia Law Group, LLC**
>> 6739 Academy Road NE, Suite 200
>> Albuquerque, NM 87109
>> T: 505-629-1576
>> F: 505-652-1337
>> adeakyne@garcialawgroupllc.com
>
>
> --
> **Andrew Deakyne**
> **Garcia Law Group, LLC**
> 6739 Academy Road NE, Suite 200
> Albuquerque, NM 87109
> T: 505-629-1576
> F: 505-652-1337
> adeakyne@garcialawgroupllc.com


--
Best,

**Meghan S. Nicholson**
**Garcia Law Group, LLC**
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109



EXHIBIT A



Andrew Deakyne <adeakyne@garcialawgroupllc.com>

## Re: Deposition dates - Est. of Jonathan Garcia
1 message

**Meghan Nicholson** <mnicholson@garcialawgroupllc.com>  Tue, Jan 4, 2022 at 11:42 AM
To: Joe Romero <joe@romerolawnm.com>
Cc: "AnnaCMartinezEsq@gmail.com" <annacmartinezesq@gmail.com>, Rodney Gabaldon <rgabaldon@garcialawgroupllc.com>, Andrew Deakyne <adeakyne@garcialawgroupllc.com>, Shelly Johnson <sjohnson@garcialawgroupllc.com>, Jess Czajkowski <jjohnson@garcialawgroupllc.com>

Thank you! Let's hold the 28th and we will get the Notice out. We'll do it by Zoom.

The inmate file is the final item I'm waiting on from the client for our supplemental production. I will nudge the client about this and get it to you ASAP. I'd hoped to do one supplement once I had all the documents, but at this point I think it makes more sense to do a rolling supplement - we'll get you what we have either later today or tomorrow and do a second supplement for the inmate file.

The Defendant does not oppose the relief sought, but we would appreciate being provided the form of the motion before filing so that we can evaluate the effect of any new proposed deadlines on the Defendant. Thanks and happy new year!

MSN

On Tue, Jan 4, 2022 at 9:19 AM Joe Romero <joe@romerolawnm.com> wrote:
> Counsel,
>
> We reached out to Marcella Garcia regarding the request for dates for her deposition.  She is available on January 25th and 28th.  Ms. Garcia is reaching out to Ms. Pacheco and Ms. Rodriguez regarding their availability. I will contact Ms. Garcia today to follow up on this matter.
>
> Plaintiffs intend to file a motion to extend the pre-trial discovery deadlines in the Federal case. We are still waiting for Defendants to produce Jonathan Garcia's inmate file. Our experts can not complete their reports without first reviewing the inmate file. We would also like additional time to complete depositions, including the depositions that Defendants are currently trying to schedule. Please provide Defendants' position on this proposed motion. Thanks.
>
> Joseph M. Romero
> Attorney at Law
> P.O. Box 27579
> Albuquerque, NM 87125-7579
> Phone: (505) 433-1642
> Fax:  (505) 214-5774
> www.romerolawnm.com



> This transmission may be subject to the attorney-client privilege or may be attorney work product. This communication is intended to be confidential to the addressee.  If you are not the addressee or cannot deliver this transmission to the addressee, please do not read, copy, distribute, or use this transmission in any way.  If you are not the addressee or cannot deliver this transmission to the addressee, please delete this transmission and all copies, including any reply, and notify the sender at (505)433-1642 or at joe@romerolawnm.com.
>
>
> On Mon, Jan 3, 2022 at 3:58 PM Meghan Nicholson <mnicholson@garcialawgroupllc.com> wrote:
>> Counsel:
>>
>> Please respond with the requested dates. We have a status conference on Wed. 1/5 regarding readiness for settlement facilitation, and discovery is set to close 1/18.
>>
>> Meghan
>>
>> On Wed, Dec 22, 2021 at 4:34 PM Andrew Deakyne <adeakyne@garcialawgroupllc.com> wrote:
>>> Good afternoon counsel,



Andrew Deakyne <adeakyne@garcialawgroupllc.com>

## Expert deposition dates - Est. of Jonathan Garcia
1 message

**Andrew Deakyne** <adeakyne@garcialawgroupllc.com>   Tue, Feb 22, 2022 at 4:09 PM
To: Joe Romero <joe@romerolawnm.com>, Rodney Gabaldon <rgabaldon@garcialawgroupllc.com>, AnnaCMartinezEsq@gmail.com, Meghan Nicholson <mnicholson@garcialawgroupllc.com>, Shelly Johnson <sjohnson@garcialawgroupllc.com>

Good afternoon counsel,

I am writing to request dates of availability for the depositions of Plaintiff's declared experts, M. Brian McDonald and Alon Abraham Steinberg for the case in New Mexico District Court, Case No. 1:20-cv-00147-PJK-KK. If you can supply a couple of dates when they are available before the close of discovery it would be greatly appreciated!

Thank you,

--
Andrew Deakyne
Garcia Law Group, LLC
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
T:  505-629-1576
F:  505-652-1337
adeakyne@garcialawgroupllc.com



EXHIBIT A

6739 Academy Rd. NE
Suite 200
Albuquerque, NM 87109

505-843-7075
505-629-1576
505-652-1337 (Fax)

Bryan C. Garcia
Katherine E. Tourek
Meghan S. Nicholson
Lara White-Davis
Teague Williams
Rodney Gabaldon
Andrew Deakyne
Stephen G. French, of counsel

Attorneys & Counselors at Law



February 21, 2022



**VIA EMAIL ONLY**
Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM  87125
Tel: (505) 433-1642
joe@romerolawnm.com

      **Re: Defendants' Good Faith Letter**
      *Marc Grano, as Personal Representative of the Wrongful Death Estate of Jonathan Andrew Garcia v. State of New Mexico, et al.* **– Case No. 1:20-cv-00147-PJK-KK**

Dear Mr. Romero:

      I write regarding a few outstanding discovery issues in the above-referenced case I am hopeful we can expediently resolve. Defendants sent their first set of discovery requests on March 15, 2021, and responses were not produced until September 1, 2021. Despite the delay, the responses appear deficient in several respects. Furthermore, the Defendants' second set of discovery requests was sent on December 17, 2021, and no responses to the requests have yet been received. Please accept this as a good-faith attempt to resolve these matters without the involvement of the Court, pursuant to FRCP 37(a)(1).

**Outstanding Discovery Responses:**

      As mentioned in the introduction, Defendants propounded several interrogatories and requests for production on December 17, 2021. The responses were due 30 days later, pursuant to the Federal Rules of Civil Procedure, Rules 33 and 34. This would place the responses to these requests due on January 16, 2022. That day was a Sunday, and the following Monday was Martin Luther King Jr. Day, ultimately meaning responses were due on Tuesday, January 18, 2022. A month after the deadline, no responses have been received. Please send responses to these requests within two weeks of receiving this letter or Defendants will file a motion to compel the discovery sought.

**Garcia Law Group, LLC**
February 21, 2022
Page 2

**Deposition Dates:**

In December of 2021 and early January of this year, Defendants sent numerous requests for dates of availability for the deposition of the Decedent's mother, Marcella Garcia, as well as fact witnesses Samantha Pacheco and Erica Rodriguez. While potential dates in late January were supplied for Ms. Garcia's deposition which has now passed, dates for Ms. Pacheco and Rodriguez were never supplied despite the representation that counsel would be following up and supplying those dates posthaste. As you know, dates of availability have not been provided and discovery has now closed in this matter. Mediation is set for April 21, 2022, and this necessary discovery is still outstanding. Please supply dates of availability for these three witnesses' depositions.

**Verification and Certificate of Service:**

The responses to interrogatories and requests for production provided on September 1, 2021, appear to have been produced without a corresponding verification, nor is there a certificate of service on file with the District Court. Please provide both of these documents if they were drafted, or provide a reason why neither was produced in this matter at the time these discovery responses were sent.

**Deficient Responses to Interrogatories:**

**No. 2:** Interrogatory No. 2 requested disclosure of every medical provider, including mental health providers, from which the Decedent Jonathan Garcia received treatment or services from in the ten years preceding his death, and asked Plaintiff to identify which providers were seen as a result of the allegations in the Complaint. Plaintiff's response did not identify a single provider and simply stated that Decedent would go to UNMH when he was feeling unwell. However, the response to Interrogatory No. 5 stated that medical records were requested and needed from Christus St. Vincent, and attempted to incorporate by reference, "information in Defendant's possession." This is an improper reference and shows a blatant contradiction in the responses. Please supplement this response with a clarification, provide a full list of treating providers and facilities that provided care to the Decedent in the last ten years, and state which providers/facilities were seen in connection with any of the allegations in this matter.

**No. 9:** This Interrogatory requested that Plaintiff identify and describe the information that supported the allegation that there were no medical doctors, nurses, or other staff available. The response stated that the belief is based upon an assumption regarding the lack of in-house treatment and information from three inmates, Scott Barretto, Danny Brown, and Marc Barraza. Please supplement with a full description of any information provided by the three inmates which support this allegation from Paragraph 26 of Plaintiff's Complaint. If there are any recordings or documentation of this information, please produce that as well as it would likely be responsive to several of the Requests for Production including Nos. 1, 19, and 20.

**No. 10:** This interrogatory requested Plaintiff state which medications were not being provided to Decedent Jonathan Garcia as alleged in the Complaint. The response stated that Decedent had been transferred and alleged that pacemaker services were not available at the new facility. This does not answer the question of which medications were allegedly being withheld

**Garcia Law Group, LLC**
February 21, 2022
Page 3

from the Decedent prior to his death. Please supplement this response with a clarification including a list of all medications that you are alleging were not being provided to the Decedent or provide an affirmative statement that no medications were withheld.

**No. 11:** This interrogatory requested the factual bases for the allegation that Decedent "suffered for days" as alleged. The response stated that his mother, Marcella Garcia, spoke to him and he informed her of his pain and that his fiancé, Erica Rodriguez, saw him and could provide information. Please supplement your response to this interrogatory with the referenced information that you are aware of Erica Rodriguez possessing, or that she has which you intend to use at trial.

**No. 12:** This interrogatory requested identification of each individual who Plaintiff believes may know the facts underlying the claims. Notably, the listed individuals did not include Decedent's mother, Marcella Garcia despite earlier interrogatories identifying her as having relevant information to the claims being brought. Please clarify these conflicting responses and supplement with a full list of potential fact witnesses.

**No. 13:** This interrogatory requested identification of any individuals who witnessed specific factual allegations in paragraphs 25, 28, 29, and 30 of the Complaint. Plaintiff did not object to the request but did not provide the responsive information identifying which individuals were witnesses to the events. Instead, Plaintiff's response simply stated that all witnesses had been identified. This does not address the question of which of the identified individuals were witnesses to these specific facts alleged in the identified paragraphs. Please supplement this response with the requested information.

**No. 19:** This interrogatory requested Plaintiff identify and provide information on the documents relevant to this lawsuit, or which may lead to relevant evidence. Plaintiff's response did not object to the request but did not identify a single document. Instead, the response generally referenced "[a]ll documents produced by any party to another" and stated supplementation hinged on discovery produced by Defendants. Defendants have produced their Rule 26 disclosures, yet no further response to this interrogatory has been received. Please supplement your response to this interrogatory identifying and providing the requested information on all of the documents relevant to this lawsuit in your possession.

**No. 20:** This interrogatory requested information about any insurance or other reimbursement of potential damages being sought in this matter. The response identified that there "may" be a "small benefit from FedEx" but did not provide the requested information. Please supplement this response with the date of the payment, the reason for the payment, the amount of payment, and the name and address of each person to whom the payment has been or might have been made.

**Marcella Garcia's Journal:**

The response to Interrogatory No. 11 references a journal kept by Decedent Jonathan Garcia's mother, Marcella Garcia. However, despite apparently containing information highly relevant to the Decedent's final days and this lawsuit, the journal has not yet been produced in discovery in this matter. Such information would be responsive to several of the requests

**Garcia Law Group, LLC**
February 21, 2022
Page 4

propounded upon Plaintiff. Please supplement with a production of the journal or explain why such documentation is not being produced despite its relevance.

**Overlapping Discovery:**

Given the concurrently filed actions in state and federal court, there has been an overlap in the discovery requests, objections, and responses made in this case and the similarly entitled lawsuit filed in San Miguel County. However, absent a stipulation between all of the parties in both cases to reduce potentially duplicative discovery, the state court matter remains a different case, in a different venue, with different sets of named plaintiffs and defendants. *See* FRCP 29. While several issues raised in this letter are also present in the state matter, referencing the productions made in another case do not meet discovery obligations here, and absent a stipulation we request independent responses and productions of discovery for the separate cases. Alternatively, we would be happy to discuss a discovery stipulation that works for the parties.

As you know, the settlement conference in this matter is upcoming in April. In order to have the time required to fully evaluate this claim, we request that you supplement these deficient discovery responses within two weeks, by March 7th, 2022. If you have any questions or concerns or would like to discuss this matter further, please do not hesitate to contact this office.

Sincerely,

**GARCIA LAW GROUP, LLC**

*/s/ Rodney L. Gabaldon*
Rodney L. Gabaldon
Bryan Garcia
Meghan S. Nicholson
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com
mnicholson@garcialawgroupllc.com