IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARC GRANO as personal representative § <br> of the WRONGFUL DEATH ESTATE § <br> OF JONATHAN ANDREW GARCIA § <br> and a Next Friend to J.O.G., A.S.R., An.J.G § <br> and Ar.J.G § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> STATE OF NEW MEXICO, GREGG § <br> MARCANTEL, New Mexico Secretary of § <br> Corrections, DAVID JABLONSKI, New § <br> Mexico Secretary of Corrections, § <br> CLARENCE OLIVAS, Deputy Warden § <br> Of Penitentiary of New Mexico, BRIAN § <br> LUCERO, Corrections Officer, FNU § <br> MARTINEZ, Corrections Officer, FNU § <br> BACA, Captain, Corrections Officer, FNU § <br> WELLS, Sergeant, Corrections Officer, and § <br> JOHN DOES 1 through 5, employees, § <br> staff, agents of Penitentiary of New Mexico, § <br> § <br> **Defendants.** § | Case No. 1:20-cv-00147-PJK-KK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS**

Defendant State of New Mexico by and through its counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Meghan S. Nicholson, and Rodney L. Gabaldon) hereby submits its Response to Plaintiff's Motion to Compel and for Sanctions, and in support of which states:

**I. Introduction**

Plaintiff's Motion to Compel and for Sanctions fails to offer support for its request of extreme sanctions from this Court. Plaintiff's Motion attempts to characterize the Defendants' inability to locate the entirety of the Decedent's inmate file as a willful "total

failure to respond" by Defendants. This is incorrect, and the case law on point makes clear that neither an entry of judgment nor an adverse inference instruction to the jury is appropriate here. *See Session* discussed *Infra*. Defendants responded to all of Plaintiff's requests for production; only the request for the full inmate file could not be fulfilled and even then, Defendants produced what was available. Unfortunately, the full file contents could not be located. *See* Brian Fitzgerald Affidavit [Doc 101-3].

Plaintiff's Motion to Compel argues that an "incomplete" copy of Mr. Garcia's medical records was produced in discovery. This argument cites to Plaintiff's expert, Dr. Alon Steinberg's reports which claims that an EKG provided to Christus Saint Vincent by NMCD was not included in the records produced to Plaintiff in discovery. This assertion by Plaintiff's expert is inaccurate. The EKG tracing referenced and duplicated in the Christus Saint Vincent records was retained in the NMCD medical records and produced to Plaintiff in Defendants' November 12, 2021 production at bates number 000281 through 000284. The tracing of the EKG purportedly taken on February 20, 2017 was not recorded into Decedent's medical records by providers, nor was it located in the Christus Saint Vincent records. Whether the EKG strip was sent with the Decedent to the emergency room by the contractor nurse is a separate issue.

Plaintiff states that the failure to produce the full inmate file presents significant prejudice and interference in the judicial process, but fails to articulate how he is prejudiced or what documents in the inmate file would be essential to the prosecution of his claim. Indeed, Defendants produced over 2600 pages of documents responsive to Plaintiff's Requests for Production including serious incident reports, medical records, and other records relevant to the claims. For these reasons, the Plaintiff's Motion to Compel and for Sanctions should be denied.

## II. Legal Authority

Rule 37 of the Federal Rules of Civil Procedure provides for litigants moving the court to compel discovery responses when 1) a deponent fails to answer a question asked under Rule 30 or 31; 2) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); 3) a party fails to answer an interrogatory submitted under Rule 33; or 4) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34. A district court should carefully explore and consider the efficacy of lesser sanctions if a motion under Rule 34 effectively seeks to be dispositive on a claim. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, at 1205-1206 (10th Cir. 2017) (*citing Gillum v. United States*, 309 Fed. Appx. 267 (10th Cir. 2009)).

Spoliation sanctions are proper when 1) a party has a duty to preserve evidence because it knew or should have known litigation was imminent, and 2) the adverse party was prejudiced by the destruction of the evidence. *See Turner v. Pub. Serv. Co.*, 563 F.3d 1136, at 1149-1150, (10th Cir. 2009). Additionally, the aggrieved party seeking the adverse inference must prove bad faith in destroying the documents, and mere negligence in losing or destroying records is insufficient. *Id.*; *see also Dalcour v. City of Lakewood*, 492 Fed. Appx. 924, at 937 (10th Cir. 2012). The *Turner* framework for analysis under Rule 34 is the same for electronically stored information and non-electronically stored information. *See First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-cv-00229, 2016 U.S. Dist. LEXIS 118377, at 3-4 (D. Utah 2016).

A Colorado District Court recently applied *Turner* to a case involving a prison losing documents relevant to litigation and found that even, "…bungled record-keeping, bungled records management, and extreme carelessness," did not warrant an adverse instruction to

the jury absent the movant carrying their burden of showing bad faith. *See Session v. Romero*, 2019 U.S. Dist. LEXIS 4389, at 18-25, 2019 WL 156952 (D. Colo. 2019). Allegations of spoliation must be established by a reasonable possibility, "based on concrete evidence rather than a fertile imagination" that the lost documents would have been favorable to the case. *See Alvariza v. Home Depot*, 240 F.R.D. 586, at 590 (D. Colo. 2007) (*citing Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 167 F.R.D. 90, 104 (D. Colo. 1996), and *Jordan F. Miller Corp. v. Mid-Continent Aircraft*, 1998 U.S. App. LEXIS 2739, 1998 WL 68879, *6 (10th Cir. 1998) (unpublished opinion)). Plaintiff's Motion fails on both the bad faith and the materiality elements.

## IV. Argument

Defendants are unable to locate some of the documents expected to be present in Decedent's inmate file. *See* Brian Fitzgerald Affidavit [Doc 101-3]. There are no facts or evidence beyond the argument of Plaintiff's counsel that the inability to locate the documents is anything other than negligent record keeping. However, Plaintiff goes beyond asking for an adverse inference due to an alleged willful spoliation, and asks for an entry of judgment against Defendants. There is no basis in law for this request given these facts, and Plaintiff's argument alone is insufficient to warrant even an adverse inference instruction.

Plaintiff argues that the "claim that Defendants lost the entirety of Jonathan Garcia's inmate file is not believable" and asks the Court for an order to immediately produce the documents. [Doc No. 101, p. 6]. However, Plaintiff provides no argument or explanation why the Court should not believe the affidavit signed by Mr. Fitzgerald, which attests that the portions of the inmate file that were able to be located were produced. Contrary to the argument and authority cited by Plaintiff, Defendants have provided all of the responsive documents of which they retained possession. *See* Plaintiff's Motion [Doc 101], p. 5-6

(arguing "Defendants' failure to serve a Response or provide any responsive documents" is unjustified and citing *Lee v. Max Int'l, LLC*, a case Plaintiff's own citation points out dealt with documents possessed and not produced); *see also* Affidavit of Brian Fitzgerald [Doc No. 101-3]. Plaintiff's cited authority also instructs the Court to contemplate the efficacy of lesser sanctions, such as an adverse inference instruction. *Id.*, (*citing Ehrenhaus*, 965 F.2d 916, 921 (10th Cir. 1992))

Further, Plaintiff fails identify what information, expected to be contained in an inmate file, would be material to a qualified expert in light of the fact that all of the Decedent's NMCD medical records were produced detailing the timeline of events in this case and his medical care. Plaintiff's claim is one of deliberate indifference to Decedent's medical needs under the Eighth Amendment. *See* Complaint [Doc No. 3]. The crux of the claim is based upon an alleged failure to provide medical care in a timely manner following the Decedent's complaints of chest pains. *Id.*; *see also* Doc 101-1, p. 5. Plaintiff is in receipt of hundreds of records relating to the incident, the Decedent's full NMCD medical record, and it is unclear from the Motion to Compel how the missing portions of the inmate file would aid the prosecution of Plaintiff's claim.  Plaintiff fails to articulate any reason beyond arguing that the delay and failure to provide the inmate file have prevented him from retaining a correctional procedures expert. *Id.*, p. 6.[1] In this regard, Plaintiff's counsel seemingly places himself in the shoes of a correctional procedures expert, by stating that the inmate file would be critical for the formation of a correctional expert opinion about how the

---

[1] Plaintiff's Motion ignores listed reasons for delays in discovery, and inappropriately attempts to place blame squarely on Defendants' unsuccessful attempts to locate the inmate file. *See* Doc No. 81, Third Joint Motion to Extend Case Management Deadlines, (identifying health concerns, transferring of the case, and delayed response to subpoenas by medical providers as reasons to extend deadlines); *see also* Doc No. 65, Second Joint Motion to Extend Case Management Deadlines, (identifying Plaintiff's failure to respond to Defendants' March 2021 discovery requests as the reason to extend deadlines); *see also* Doc No 44, Joint Motion to Extend Case Management Deadlines, (identifying the coronavirus pandemic as the reason to extend deadlines).

correctional employees responded to Decedent's complaints of chest pain. Only a correctional facility expert could potentially identify and inform the Court of the need for the other categories of documents contained in an inmate file necessary to fully form his or her own opinions. *See* NMCD Inmate Record Index [Doc 101-2].

Plaintiff's Motion seeks to portray Defendants' attempts and ultimate inability to locate portions of Decedent's inmate file as occurring in bad faith without any supporting explanation or evidence of when, how, or why it went missing. The arguments appear to be based solely on the "*fertile imagination*" of Plaintiff's counsel. *See Alvariza v. Home Depot*, 240 F.R.D. 586, at 590 (D. Colo. 2007). However, the rolling production of documents by Defendants to Plaintiff [Doc Nos. 37, 85, 97, 99], along with the affidavit of Mr. Fitzgerald [Doc 101-3], demonstrate the legitimate attempts and due diligence by Defendants to produce all of the requested documents and to alert counsel and the Court that portions of the inmate file were lost.

When considering the efficacy of lesser sanctions under *HCG Platinum, LLC*, the Court can find guidance in *Session v. Romero*. 2019 U.S. Dist. LEXIS 4389, at 18-25, 2019 WL 156952 (D. Colo. 2019). In that case, a prisoner accused a correctional facility of spoliating documents which recorded the review board's explanation and decisions for keeping him in restrictive housing. *Id*. The evidence in *Session* showed "bungled records management" by the correctional facility, but there was no evidence of bad faith spoliation. *Id*., (holding that even extreme carelessness in the maintenance of inmate records did not, absent evidence of bad faith, warrant an adverse inference instruction). Thus, the district court did not grant the request for an adverse inference instruction, and instead permitted the parties to present evidence and argue to the jury regarding the alleged spoliation and allowed the jury to draw their own inferences. *Id*., at 25. The same approach should be applied here.

## V. Conclusion

Plaintiff has not made a showing of any prejudice to his claim or presented evidence that the documents were destroyed rather than lost. The Motion asserts intentional withholding or spoliation by Defendants openly based only upon the argument of counsel. Absent any evidence of prejudice, failure to retain documents does not constitute grounds for an adverse inference or even the extreme sanction of an entry of judgment. Therefore, Defendants respectfully request that this Court deny the Plaintiff's Motion to Compel and for Sanctions, and to instead follow the approach in *Session*.

Respectfully submitted:

**GARCIA LAW GROUP, LLC**

*/s/ Rodney Gabaldon*
MEGHAN S. NICHOLSON
RODNEY L. GABALDON
BRYAN C. GARCIA
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com
mnicholson@garcialawgroupllc.com

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on the 15th day of March, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system and has been served on Plaintiff, pursuant to Federal Rules of Civil Procedure as follows:

Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM 87125
Tel: (505) 433-1642
E-mail: joe@romerolawnm.com
*Attorney for Plaintiff*

Anna C. Martinez
AEQUITAS LAW OF NEW MEXICO, LLC
P.O. Box 25304
Albuquerque, NM 8725
E-mail: annacmartinezesq@gmail.com
*Attorney for Plaintiff*


BY: *//s// Rodney Gabaldón*
Rodney Gabaldón