IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARC GRANO as personal representative of the WRONGFUL DEATH ESTATE OF JONATHAN ANDREW GARCIA and a Next Friend to J.O.G., A.S.R., An.J.G and Ar.J.G<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW MEXICO, GREGG MARCANTEL, New Mexico Secretary of Corrections, DAVID JABLONSKI, New Mexico Secretary of Corrections, CLARENCE OLIVAS, Deputy Warden Of Penitentiary of New Mexico, BRIAN LUCERO, Corrections Officer, FNU MARTINEZ, Corrections Officer, FNU BACA, Captain, Corrections Officer, FNU WELLS, Sergeant, Corrections Officer, and JOHN DOES 1 through 5, employees, staff, agents of Penitentiary of New Mexico,<br><br>Defendants. | Case No. 1:20-cv-00147-PJK-KK |

## DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants State of New Mexico, Gregg Marcantel, New Mexico Secretary of Corrections; David Jablonski, New Mexico Secretary of Corrections; Clarence Olivas, Deputy Warden of Penitentiary of New Mexico; Brian Lucero, Corrections Officer; FNU Martinez, Corrections Officer; FNU Baca, Captain, Corrections Officer; FNU Wells, Sgt., Corrections Officer; and John Does, 1 through 5, employees, staff, agents of Penitentiary of New Mexico, by and through its counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Meghan S. Nicholson, and Rodney L. Gabaldon) hereby moves this Court for an Order dismissing Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff's Complaint names the State of New Mexico, seven New Mexico Corrections Department ("NMCD") employees, and John Does 1-5 as Defendants in his lawsuit. *See* Complaint, ¶¶ 3-12 [Doc. 3, p. 2-3] While the Complaint is not clear regarding whether Plaintiff's claims are brought against the individual Defendants in their individual and official capacities, both will be addressed herein. All claims brought against these state actors in their official capacity are barred by Eleventh Amendment immunity, and all claims brought against the state employees in their individual capacity do not meet the requirements to overcome their qualified immunity. Thus, Plaintiff's Complaint fails as a matter of law and dismissal is appropriate.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (citation omitted). In making this plausibility assessment, courts "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation omitted).

In evaluating a qualified immunity defense in the context of a Rule 12(b)(6) motion to dismiss, courts "must determine whether the plaintiff pled facts indicating: (1) the defendant violated a statutory or constitutional right and (2) that right was 'clearly established' at the time of the challenged conduct." *Crall v. Wilson*, 769 Fed. Appx. 573, 575 (10th Cir. 2019) (quoting

*Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). "The burden of making this two-part showing lies with the plaintiff...." *Carabajal v. City of Cheyenne, Wyoming*, 847 F.3d 1203, 1208 (10th Cir. 2017). "This is a heavy burden." *Id*.

## ARGUMENT

**Claims against the State of New Mexico and official capacity Defendants are barred by Eleventh Amendment Immunity.**

Plaintiff's Complaint names Defendants the State of New Mexico along with twelve individuals, seven identified by name and 5 unidentified employees of the Penitentiary of New Mexico ("PNM"). *See* Complaint, ¶¶ 3-12 [Doc. 3, p. 2-3]. The Complaint identifies the seven known Defendants by their official titles, i.e., Clarence Olivas, Deputy Warden of the Penitentiary of New Mexico. *Id*. However, the State of New Mexico is immune from this suit because of the sovereign immunity granted by the Eleventh Amendment, and Plaintiff's claims against these officials in their official capacity fail because the suit is no different from a suit against the State itself. S*ee Doe v. Farmington Mun. Sch.,* 2022 U.S. Dist. LEXIS 17683, *7-12 (D.N.M. 2022); *see also Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (affirming dismissal of the executive director of public safety on Eleventh Amendment immunity grounds). This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Id*., (*citing Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)). Once asserted, this defense bars the exercise of federal jurisdiction over the state actors. *Id*., (*citing Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000)).

Count II of the Complaint alleges the Defendants State of New Mexico, Secretary Marcantel, and Secretary Jablonski failed to supervise and train the other individually named Defendants in violation of Mr. Garcia's Eighth Amendment right to humane confinement. Complaint, ¶¶ 44-56 [doc. 3, pp. 8-12]. Plaintiff may attempt to argue his claims fit within the framework of a *Monell* cause of action, however

the Complaint fails to meet the requirements. *See Abila v. Funk*, 2016 U.S. Dist. LEXIS 172737, *57 (D.N.M. 2016) (explaining that the Tenth Circuit has established two elements for suing a municipality under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978): 1) that the municipal employee committed a constitutional violation and 2) a municipal policy or custom was the moving force behind the constitutional deprivation) (citations omitted). Here, Plaintiff's Complaint has not named any municipality or municipal employee, nor identified any unconstitutional policy, or widespread practice which caused the alleged deprivation. The Complaint is clear that all identified and unknown Defendants are employees of the State of New Mexico. *See* Complaint , ¶¶ 5-12 [Doc. 3, p. 2-3].  Further, it is not sufficient for a complaint to simply allege an unconstitutional policy exists, rather, a plaintiff must: 1) tell the court why they think the policy exists with specific facts, and 2) what they think the policy is. *See Antonio v. Bd. of Cty. Comm'rs*, 2021 U.S. Dist. LEXIS 70202, *18-20 (D.N.M. Apr. 12, 2021). Alternatively, Plaintiffs must still allege specific facts leading to a finding of an informal policy or a well settled custom, not provided here. *Id*.  Thus, all of Plaintiff's claims against the State of New Mexico and the state actors in their official capacity are unviable as a matter of law, and their dismissal is appropriate.

**Claims against individual capacity Defendants are barred by the doctrine of Qualified Immunity.**

A viable 42 U.S.C. § 1983 claim must show each named defendant caused a violation of the plaintiff's constitutional rights. *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020). Conclusory allegations of involvement are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). There is no *respondeat superior* liability under § 1983. *Id.* ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials' own individual actions, has violated the Constitution."). Thus, the plaintiff must name each defendant in the caption and in the body of the

complaint, and there describe the personal unconstitutional actions allegedly done by each defendant with "dates, locations, and circumstances.*" Lynn v. Willnauer*, 2021 U.S. Dist. LEXIS 70767, 2021 WL 1390384, at *10 (D. Kan. Apr. 13, 2021).

An inmate raising an Eighth Amendment claim must prove both the objective and subjective component associated with the deficiency. *See Brooks v. Colorado Department of Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021). Under the objective inquiry, "a medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Quintana v. Santa Fe Cty. Bd. of Comm'rs*, 973 F.3d 1022, 1028-1030 (10th Cir. 2020) (citations omitted).  The subjective inquiry component asks both whether the defendant-official was aware of the facts from which the inference of a substantial risk of serious harm exists, and they must also draw the inference. *Id*., (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). The risks must be obvious to the so-called "reasonable man." *Id*., (citations ommitted).

Plaintiff's Count II sets forth an allegation of deprivation of Decedent Jonathan Garcia's Eighth Amendment rights by the five known and five unknown correctional staff. *See* Complaint, ¶¶ 35-43 [Doc. 3, p. 6-8]. The facts provided in the Complaint do not shed any light on which of the named Defendants allegedly engaged in the ambiguously described conduct. *Id.*, ¶¶ 16-34 [Doc. 3, p. 3-5]. There is not a single allegation of specific conduct by any individual Defendant. In fact, the only time any of these Defendants are individually referenced in the Complaint is in the section identifying the parties. *Id*., ¶¶ 1-12 [Doc. 3, p. 1-3].

In reading the Complaint in the light most favorable to the Plaintiff, it is impossible to glean a constitutional violation by any of these Defendants. Plaintiff fails to meet the plausibility standard

requiring him to plead sufficient factual content that allows the court to draw reasonable inferences that each defendant is liable for the misconduct alleged. *See Mojo Built, LLC v. City of Prairie Vill.*, 2022 U.S. App. LEXIS 2890, *6 (10th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, (2009) (stating "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")).

Plaintiff's Complaint appears to conflate the institutional knowledge of Decedent's heart condition with that of each individual capacity Defendant. *See* Complaint, ¶ 21 [Doc. 3, p. 4] ("Decedent's medical history…was well documented by and known to NMCD…"). As Plaintiff's claim is being brought against the individual, it is insufficient to impute institutional knowledge to each of these named Defendants. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212-1214 (10th Cir. 2019) (explaining collective characterization is not sufficient to sustain personal-capacity claims, and " the complaint [must] make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of of the claims") (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)).

No allegations in the Complaint are ever made that any of the individually named Defendants knew of the Decedent's medical history, were informed of the Decedent's "severe symptoms" in the days before his death, or acted in way that would constitute deliberate indifference to the Decedent's medical needs.[1] Further, the failure to allege that any of the individually named Defendants knew of the Decedent's medical history or the severe symptoms he was allegedly experiencing fails the subjective component of

---

[1] While the Complaint alleges that Decedent's medical care was deficient in several ways including a lack of available medical staff, not being provided with medication, and waiting for days before being sent Christus Saint Vincent, it does not allege what conduct caused these deficiencies or that any individual Defendant's actions were the cause. *See* Complaint ¶¶ 16-34 [Doc. 3, p. 3-5]

a deliberate indifference claim, showing that a known, obvious, and substantial risk was disregarded by a Defendant. *See Antonio v. Bd. of Cty. Comm'rs*, 2021 U.S. Dist. LEXIS 70202 (D.N.M. 2021) (citing *Quintana v. Santa Fe Cty. Bd. of Commissioners*, 973 F.3d 1022, 1029 (10th Cir. 2020)). Thus, all allegations against the individual Defendants in their individual capacity fail as a matter of law and may be dismissed.

Plaintiff has not alleged any specific conduct which could amount to deliberate indifference to Decedent Jonathan Garcia's well-established rights. Plaintiff's Complaint refers to the Defendants only as a collective, lumping the five correctional officers (Defendant Olivas, Defendant Lucero, Defendant Martinez, Defendant Baca, and Defendant Wells) together. There are no specific allegations of dates, locations, or circumstances set forth to compare with available case law and determine whether the conduct violated a well-established right under the deliberate indifference standard. Thus, Plaintiff's claim does not pierce the individually named Defendants' qualified immunity.

## **CONCLUSION**

Plaintiff's claims against the State of New Mexico and official capacity Defendants fails due to the State's Eleventh Amendment immunity. The claims against the individually named Defendants fail due to a lack of plausible facts suggesting each Defendant engaged in what could meet the objective and subjective requirements for a deliberate indifference claim.

WHEREFORE, Defendants respectfully requests the Court dismiss them from this matter with prejudice, and for such further relief as the Court deems just and proper.

Respectfully submitted by,

GARCIA LAW GROUP, LLC


*/s/ Meghan S. Nicholson*
RODNEY L. GABALDON
BRYAN C. GARCIA
MEGHAN S. NICHOLSON
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com
mnicholson@garcialawgroupllc.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion was served via Odyssey file and serve on this **21**st day of *April 2022* to:

Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM 87125
joe@romerolawnm.com
505-433-1642

Anna C. Martinez
P.O. Box 25304
Albuquerque, NM 87125
annacmartinezesq@gmail.com
505-750-8005

 */s/ Meghan Nicholson*
Meghan Nicholson