IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC GRANO as personal representative §
of the WRONGFUL DEATH ESTATE §
OF JONATHAN ANDREW GARCIA §
and a Next Friend to J.O.G., A.S.R., An.J.G §
and Ar.J.G §
§
        Plaintiff, §
§
v. § Case No. 1:20-cv-00147-PJK-KK
§
STATE OF NEW MEXICO, GREGG §
MARCANTEL, New Mexico Secretary of §
Corrections, DAVID JABLONSKI, New §
Mexico Secretary of Corrections, §
CLARENCE OLIVAS, Deputy Warden §
Of Penitentiary of New Mexico, BRIAN §
LUCERO, Corrections Officer, FNU §
MARTINEZ, Corrections Officer, FNU §
BACA, Captain, Corrections Officer, FNU §
WELLS, Sergeant, Corrections Officer, and §
JOHN DOES 1 through 5, employees, §
staff, agents of Penitentiary of New Mexico, §
§
        Defendants. §

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Defendants State of New Mexico, Gregg Marcantel, New Mexico Secretary of Corrections; David Jablonski, New Mexico Secretary of Corrections; Clarence Olivas, Deputy Warden of Penitentiary of New Mexico; Brian Lucero, Corrections Officer; FNU Martinez, Corrections Officer; FNU Baca, Captain, Corrections Officer; FNU Wells, Sgt., Corrections Officer; and John Does, 1 through 5, employees, staff, agents of Penitentiary of New Mexico, by and through its counsel of record, Garcia Law Group, LLC (Bryan C. Garcia, Meghan S. Nicholson, and Rodney L. Gabaldon) hereby moves submits their *Reply in support of Defendants' Motion to Dismiss*.

## INTRODUCTION

Rather than directly address the deficiencies in the Complaint, Plaintiff seeks to untimely amend to add a new claim of declaratory relief that is itself, an improper attempt to backdoor monetary damages against state employees in their official capacity. Plaintiff's Response also fails to meet the burden of demonstrating that the Complaint alleged facts from which the Court can infer any particular individually named Defendant violated the Eighth Amendment rights of the Decedent. While Plaintiff's Response and Complaint lay out the legal elements of a deliberate indifference claim, the factual allegations set forth against each are plainly insufficient to overcome the individual Defendants' qualified immunity. While not articulated in the Response, it appears that Plaintiff acknowledges this failure to allege sufficient facts and seeks to remedy the failure of the Complaint with the addition of new facts in his Proposed Amended Complaint. However, in the Response and Amended Complaint, Plaintiff continues to improperly view individual Defendants as a collective. Thus, dismissal is proper.

## ARGUMENT

**Plaintiff concedes that the Eleventh Amendment bars their claims against the state and state officials and seeks to enter a futile amendment at the eleventh hour.**

The deadline for Plaintiff to amend and to add additional parties pursuant to Rule 15(a)(2) FRCP was extended from December 21, 2020 to June 29, 2021. [Docs. 41 and 70]. Nearly a year after the expiration of this extended deadline, and following several other extensions in this case, Plaintiff now seeks to add new named Defendants and new claims for equitable relief. Plaintiff's Response concedes that their claims for monetary relief against the State of New Mexico and named Defendants in their official capacity are unviable as a matter of law and concurs that the Complaint made no allegations against "official capacity" Defendants. [Doc 132, p. 4-5]. Such an

admission is dispositive of the claims, and thus the dismissal of the State of New Mexico and any inferred official capacity claims are now appropriate.

In searching for any support to untimely amend the allegations, Plaintiff's argument departs from the content of the pleadings, and asserts that the discovery of this case, including Jonathan Garcia's "lost or destroyed" inmate file, "makes it clear that Jonathan Garcia's death was the result of an ongoing failure to the well-being of inmates seriously [sic]." [Doc 132, p. 4]. While the Court is well aware of the discovery issues in this matter, there is no indication that the inmate file was destroyed, only that it cannot be located after being requested from the archives. Further, Defendants' ultimate inability to locate the file of an inmate who has been deceased for several years does not demonstrate a failure to take the well-being of current inmates seriously.

The request for leave to amend should be denied. Plaintiff provides no independent motion seeking leave to amend, and the Response provides no adequate explanation as to the cause for the delay. *See Schwab v. Kan. Dep't of Children & Families*, 851 Fed. Appx. 110 (10th Cir. 2021) (*citing Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Untimeliness alone can be a sufficient reason to deny leave to amend. *See Sipp v. Unumprovident Corp.*, 107 Fed. Appx. 867, *876-877 (10th Cir. 2004) (citations omitted) (denying plaintiff leave to amend two months after the deadline to amend and noting that discovery was about to close and amending the complaint would inevitably require reopening discovery and delaying the disposition of the case). The statute of limitations has been expired for several years, and the newly named Defendants were never provided notice of the claims before the Court. *See* Rule 15(c) FRCP. These new Defendants would have to be provided the opportunity to engage in substantive discovery, or else they would suffer severe prejudice in the preparation of their defense. Such a request for leave to amend should be denied.

Finally, the proposed Amended Complaint sets forth an improper request for an injunction and still aggregates the claims against the correctional officers as a collective, a major failure of the original Complaint. [Doc 132-1, p. 9-10]. Plaintiff's Amended Complaint rather surreptitiously places its request for an injunction within what is still entitled his Section 1983 claim against the State of New Mexico, and further requests monetary damages from the Secretaries of the New Mexico Corrections Department within the same count. [Doc 132-1, p. 11 – 15]. However, the facts as pled within Plaintiff's Amended Complaint demonstrate that he does not have the standing to bring the injunctive request. *See O'Shea v. Littleton*, 414 U.S. 488, *495-496 (1974); *see also Los Angeles v. Lyons*, 461 U.S. 95 (1983). Given that the proposed Amended Complaint would be futile and still be subject to dismissal, the requested leave to amend should be denied. *See Compton v. Rent-A-Center, Inc.*, 350 Fed. Appx. 216 (10th Cir. 2009) (*citing E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004)).

**Plaintiff's Response fails to identify well-pled facts in the Complaint or analogous caselaw showing his clearly established rights were violated under the doctrine of deliberate indifference.**

Plaintiff's argument that the Complaint is capable of overcoming individually named Defendants' qualified immunity stretches the bounds of credulity. The argument is undercut by Plaintiff's furtive attempt to add dozens of new factual allegations to the Amended Complaint, without ever addressing having done so in the Response. *Compare* Doc. 3, ¶¶ 16-34, *with* Doc. 132-1, ¶¶ 21-70. While Plaintiff's Response argues that, "that facts alleged in the complaint [sic] are sufficient to demonstrate Defendants' subjective awareness…" no citations are ever provided by Plaintiff to support such a claim.[1] In fact, the entire seventeen-page Response fails to even cite

---

[1] Defendants' Motion to Dismiss raised the issue of Plaintiff's improper references to individually named Defendants as a collective, and the imputation of institutional knowledge upon them without any corroborating facts. [Doc. 121, p. 5-6]. Rather than specifically identify and discuss each of the claims against the individually named Defendants and their respective knowledge, Plaintiff's Response and Amended Complaint continues this improper aggregation of

*Defendants' Reply In Support of their Motion to Dismiss* - Page 4

to the Complaint a single time. Thus, Plaintiff offers no support to the Court in determining whether the Complaint's well-pled facts indicate that each, or even <u>any</u> of the individually named Defendants violated the Decedent's clearly established constitutional rights. *See Crall v. Wilson*, 769 Fed. Appx. 573, 575 (10th Cir. 2019) (describing the evaluation of a motion to dismiss on qualified immunity). Ultimately, Plaintiff's aggregate pleading is so generalized that is fails to set forth the requisite factual allegations to make his claims plausible against each Defendant under the *Twombly/Iqbal* standard. *See Khalik v. United Air Lines*, 671 F.3d 1188, *1191 (10th Cir. 2012) (describing the varying nature and specificity requirements for a Plaintiff's Complaint under the *Twombly/Iqbal* standard).

Plaintiff's argument on qualified immunity begins with addressing the objective element of a deliberate indifference claim, and compares the obviousness of the Decedent's heart condition to a Sixth Circuit case involving a pregnant woman. [Doc. 132, p. 7] (citing *Havard v. Wayne County*, 436 Fed. Appx 454). Pregnancy is an example of a potentially serious medical condition that, at least in the later trimester, is obvious to a layman as requiring the attention of a doctor. However, a heart condition is not analogous to such a plainly obvious condition. Whether Decedent had a serious heart condition or had recently suffered a heart attack may not have been apparent to the individually named Defendants in a similar manner to a late-stage pregnancy, and the Complaint offers no facts capable of supporting any of the named Defendants' inference of such knowledge.

Plaintiff's Response also likens his allegations to denial of medical care in *Hunt v. Uphoff* and *Tlamka v. Serrell*. [Doc. 132, p. 9] (*citing* 199 F.3d 1220 and 244 F.3d 628, 633). However,

---

the individual Defendants, to which Defendants must ultimately respond here collectively in the interest of judicial efficiency. Defendants wish to clarify to the Court that it is their position that this is still an improper aggregation of claims brought against each individual, and ultimately the Court's analysis should be performed at the individual level.

the facts in *Hunt* reveal how deficient Plaintiff's Complaint is in regard to each of the individually named Defendants. Plaintiff's Response describes that *Hunt* involved a prisoner who, among other failures, had a heart attack caused by insulin that was withheld for over a year, even though it had been prescribed by a doctor. *Id*. However, the plaintiff's complaint in *Hunt* alleged that a specific doctor, Dr. Long, had denied him access to insulin despite another prison doctor's orders, and that, the prescribed medication was confiscated by prison officials. 199 F.3d 1220, *1223. Plaintiff's Complaint stops short of specific allegations of denial of medication by any of the individually named Defendants and seeks to hold Defendants collectively responsible because "Decedent was not being provided with the medications prescribed to him…" [Doc. 3, p. 4]. No facts supporting that any of the named Defendants are responsible for this alleged failure are ever articulated in the Complaint. Thus, dismissal of these collective allegations is appropriate. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212-1214 (10th Cir. 2019).

When analyzing a motion to dismiss based upon a defendant's qualified immunity, the plaintiff must demonstrate that the complaint set forth **facts** indicating that each specific defendant violated a constitutional right and that the right was clearly established at the time. Plaintiff's Response seeks to flip this burden to the individual Defendants, arguing that the motion presents no argument or evidence disputing the seriousness of the Decedent's heart condition and medical needs, and thus should be denied. Doc 132, p. 9 ("Defendants have failed to meet their initial responsibility defeating the objective element of a deliberate indifference claim that Plaintiff has failed to allege. [sic]). The Decedent's heart condition may well have been serious; however, this argument is improper and obfuscates the applicable analysis, as the serious medical condition must also be obvious to the layman, known to each individual Defendant, and must have been met with indifference by each of them. Plaintiff's Complaint fails in this regard, and as clearly articulated

in the legal standard of the underlying motion, Plaintiff is the one who bears the heavy burden of showing that the Complaint alleges sufficient facts to overcome qualified immunity. Doc 121, p. 3 (*citing Carabajal v. City of Cheyenne, Wyoming*, 847 F.3d 1203, *1208).

Plaintiff's apparent new theory, set forth for the first time in the Response, is that Decedent Jonathan Garcia suffered a heart attack in the days preceding February 20, 2017, and was denied medical care in the following days. [Doc 132, p. 9] (…Jonathan Garia suffered not one, but two heart attacks while in custody – the first on February 10, 2017…). However, the Complaint does not mention this first heart attack nor allege that any of the individual Defendants specifically knew of his cardiac condition. The Complaint and Response appear to simply infer that each individually named Defendants was not only aware of Decedent's heart condition and the mysterious earlier heart attack not previously mentioned, but also that each failed to take action in some unarticulated way. *See* Doc 132, p. 7-10 (arguing that the objective element of a deliberate indifference claim is met, under the obviousness test, but only ever addressing Defendants as a collective). Allegations against each of the individually named Defendants should be identifiable in the Complaint and inform each Defendant who is alleged to have done what, and how each action caused Decedent's damages. *See Burnett v. Mortg. Elec. Registration Sys.*, 706 F.3d 1231, *1235-1236 (10th Cir. 2013) (discussing the sufficient factual allegations required by the *Twombly/Iqbal* standard, giving defendants fair notice of the claim and the grounds upon which it rests). As the Response completely departs from the facts set forth in the Complaint, which ultimately fails to meet even the *Twombly/Iqbal* standard in this regard, dismissal is proper.

**Plaintiff's description of other legal doctrines does not preserve his claims against a single individual Defendant.**

The second half and final six sections of Plaintiff's Response describe legal concepts related to deliberate indifference claims, but the brief never ties any of these concepts back to well-

pled facts articulated in the Complaint. [Doc 132, p. 9-16, Sections IV(B) – (G)]. Plaintiff describes two types of deliberate indifference claims under the so-called "gatekeeper" theory, both of which he argues apply to Decedent's care. [Doc. 132, p. 9-10]. The argument is not well-articulated and appears to imply that the individual Defendants, again as a collective gatekeeper, denied Decedent the care available at the facility and then failed to send him off-site after his heart attack when his condition so required. *Id*. Plaintiff's Response does not support this argument with citations to the Complaint reflecting factual allegations which, if accepted as true, would support the application of this doctrine to any particular Defendant.

In another confusing section that ultimately goes nowhere, Plaintiff argues about the role of professional judgment in deliberate indifference cases. [Doc. 132, p. 10-11]. Plaintiff describes situations wherein an inmate is denied medical devices to aid in mobility by medical professionals, and argues that the correctional officers ignoring the Decedent while he was having a second heart attack failed in their role as gatekeepers of medical care. *Id*. Again, no citation to the Complaint is made reflecting facts implicating that any of the individually named Defendants ignored the Decedent's newly asserted second heart attack. In fact, the words heart attack are used only a single time in the Complaint, when describing the Decedent's prior medical history. [Doc. 3, p. 4].

Plaintiff's argument regarding the obviousness of the substantial risk of harm reveals a fundamental misunderstanding of both the law and medicine. Plaintiff's Response argues that, "[i]t takes very little foresight to know that an inmate who has a serious heart condition and who suffered a heart attack a few days earlier should be taken seriously when the inmate complains of chest pains…" [Doc. 132, p. 12]. The flaw in Plaintiff's logic here is that there are no facts alleged supporting that any of the Defendants knew of the Decedent's heart condition or either of his alleged heart attacks, or that a particular Defendant failed to take action in response to having this

knowledge. Again, Plaintiff seeks to allege a collective failure and simply impute knowledge of the Decedent's medical conditions given their presence in his medical records upon each of the individually named Defendants.

Plaintiff next raises the doctrine of willful blindness but yet again fails to point out the facts in the Complaint sufficient of establishing that any of the Defendants were willfully blind to symptoms that were plainly an emergency. Plaintiff's Response goes well beyond any of the facts alleged in the Complaint in this section, stating that, "…[Defendants] ignored and blinded themselves to his documented heart attack days before his death." [Doc 132, p. 14]. Again, nowhere in the Complaint is it alleged that Decedent had a heart attack days before his death, that such a cardiac event was "documented," or that any of the individually named Defendants here had cause to know of the cardiac event.

## CONCLUSION

The claims against the State of New Mexico and official capacity Defendants fail due to the State's Eleventh Amendment immunity, a fact which Plaintiff's Response concedes. The injunctive relief sought is not properly pled and Plaintiff has no standing to request the equitable relief sought. Plaintiff's Complaint, Response, and proposed Amended Complaint all improperly treat the individual named Defendants as a collective, but the Court should engage its legal analysis for each of the named Defendants independently. This will reveal that, far from meeting his qualified immunity burden, Plaintiff's Complaint fails to meet the *Twombly/Iqbal* requirements against the individually named Defendants. Thus, the claims against the individually named Defendants fail due to a lack of plausible facts suggesting any named Defendant engaged in what could plausibly meet the objective and subjective requirements for a deliberate indifference claim. Finally, despite its lengthy discussion of the different methods of proving deliberate indifference,

Plaintiff's Response still misses the mark and fails to identify the requisite facts alleged in the Complaint showing a violation of Decedent's clearly established rights under analogous caselaw. Thus, dismissal of Plaintiff's Complaint is appropriate, and the futile request for leave to amend should be denied.

WHEREFORE, Defendants respectfully request the Court dismiss them from this matter with prejudice, and for such further relief as the Court deems just and proper.

Respectfully submitted by,

GARCIA LAW GROUP, LLC

*/s/ Meghan S. Nicholson*
RODNEY L. GABALDON
BRYAN C. GARCIA
MEGHAN S. NICHOLSON
*Attorneys for Defendants*
6739 Academy Road NE, Suite 200
Albuquerque, NM 87109
(505) 629-1576 / (505) 652-1337 (fax)
rgabaldon@garcialawgroupllc.com
bgarcia@garcialawgroupllc.com
mnicholson@garcialawgroupllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion was served via Odyssey file and serve on this *31st* day of *May 2022* to:

Joseph M. Romero
JOSEPH M. ROMERO LAW, LLC
P.O. Box 27579
Albuquerque, NM 87125
joe@romerolawnm.com
505-433-1642

Anna C. Martinez
P.O. Box 25304
Albuquerque, NM 87125
annacmartinezesq@gmail.com
505-750-8005

*/s/ Meghan Nicholson*
Meghan Nicholson