IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARC GRANO,

   Plaintiff,

vs.                                                                                       Civ. No. 20-147 PJK/KK

STATE OF NEW MEXICO, *et al.*,

   Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel and for Sanctions (Doc. 101), filed March 1, 2022. Having reviewed the parties' submissions, the record, and the relevant law, having heard the parties' arguments and evidence at hearings on April 12, 2022, and April 29, 2022, (Docs. 118, 126), and being otherwise fully advised, the Court FINDS that Plaintiff's Motion is well-taken in part and it is hereby GRANTED IN PART and DENIED IN PART as described below.

In his Motion, Plaintiff asks the Court to compel Defendants to produce the complete "inmate file" for Plaintiff's decedent, Jonathan Garcia, as part of their Rule 26(a)(1) initial disclosures and in response to Plaintiff's Requests for Production Nos. 3 and 10.[1] (Doc. 101 at 1-7.) Alternatively, Plaintiff asks the Court for entry of judgment in his favor as a sanction for Defendants' alleged failure to produce the complete inmate file, or for "lesser sanctions such as not allowing Defendants to introduce any evidence arguing that they were unaware of Jonathan

---

[1] The Court notes that, in the course of litigating Plaintiff's Motion, Plaintiff and Defendants have demonstrated somewhat different conceptions of what an "inmate file" is, with Plaintiff construing the term more broadly than Defendants. (*See* Docs. 101, 104, 107, 118, 120, 126, 129, 130, 136.) Given that Plaintiff's Request for Production No. 3 requests "all documents which relate to, pertain to, or mention Mr. Garcia," (Doc. 101 at 2), and Defendants have not resisted Plaintiff's Motion on grounds of overbreadth or undue burden, (Doc. 104), the Court has construed the term in accordance with Plaintiff's broader conception.

Garcia's serious heart condition." (*Id.* at 6-7.) Finally, Plaintiff asks for an award of attorney's fees incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (*Id.* at 5, 7.)

In compliance with the Court's instructions, Defendants filed affidavits on April 19, 2022, and May 13, 2022, detailing the comprehensive efforts they have made to search for the documents Plaintiff seeks in his Motion. (Docs. 120, 129, 130.) Some of these efforts were made before Plaintiff filed the Motion, and some were made after. (*Id.*) The May 13, 2022 affidavits indicate that Defendants first located and produced some documents responsive to Plaintiff's requests for Mr. Garcia's inmate file after the Motion was filed. (Docs. 129, 130.) In light of Defendants' affidavits and the testimony presented at the evidentiary hearing on April 29, 2022, the Court is satisfied that Defendants have now located and produced all documents responsive to Plaintiff's requests that are in their possession, custody, or control and within the scope of discovery. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (limiting disclosure requirement to items "the disclosing party has in its possession, custody, or control"); Fed. R. Civ. P. 34(a)(1) (limiting requests for production to items "in the responding party's possession, custody, or control"); *see also* Fed. R. Civ. P. 26(b)(1) (setting forth scope of discovery in federal civil cases).

Moreover, although a paralegal for the Office of General Counsel ("OGC") for the New Mexico Corrections Department ("NMCD") does appear to have lost some of the documents Plaintiff seeks, (*see* Doc. 120-1 at 2-4), there is no evidence that this loss was intentional. And, notwithstanding the loss, Defendants have by now located and produced a considerable number of documents pertaining to Mr. Garcia, including electronically stored information printed from the NMCD's Criminal Management Information System ("CMIS") database,[2] records located from

---

[2] Printouts produced from the CMIS database include custody scoring forms, a classification committee hearing notice, a good time report, active detainers, court documents, visiting logs, a drug test memorandum, and a "Summary Review Form" summarizing why Mr. Garcia was in custody and his points and levels. (Doc. 129 at 2-4.)

searching multiple drives on the OGC paralegal's work computer, medical and mental health records, an "Educational File," a "Probation and Parole File," e-mail messages copied to the Chief Deputy General Counsel for the NMCD regarding the missing documents, and Serious Incident Reports. (Doc. 120-1 at 4-5; Doc. 129 at 2-4; Doc. 130 at 2-4.) Because Defendants have produced everything Plaintiff seeks that they may reasonably be required to produce, the Court DENIES the portion of Plaintiff's Motion seeking an order compelling Defendants to produce additional documents.

Further, considering all of the relevant circumstances in light of the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Court finds that the sanction of entry of judgment in Plaintiff's favor is simply not warranted. The degree of actual prejudice to Plaintiff in light of Defendants' substantial document production does not appear to be significant[3]; and, although Defendants' initial failure to produce all such documents has interfered with the judicial process to some degree, only Defendant the State of New Mexico bears any responsibility for the lost documents, and even this Defendant's culpability is limited. The Court has not warned Defendants in advance that entry of judgment would be a likely sanction, and the efficacy of lesser sanctions has not been tried. Moreover, the "lesser sanction" Plaintiff proposes, *i.e.*, "not allowing Defendants to introduce any evidence arguing that they were unaware of Jonathan Garcia's serious heart condition," (Doc. 101 at 7), is unjustified and unworkable in these circumstances. The Court therefore DENIES the portion of Plaintiff's Motion seeking entry of judgment or lesser sanctions.

However, Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted,

> or if the disclosure or requested discovery is provided after the motion was filed[,] the court must, after giving an opportunity to be heard, require the party … whose

---

[3] The Court is cognizant of Plaintiff's continued argument that certain key medical records have been lost. (Doc. 136 at 3-6.) However, in light of the evidence presented at the April 29, 2022 hearing, it appears to the Court more likely that these records never existed, or were never in Defendants' possession, custody, or control.

conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, Defendants produced some of the requested documents only after Plaintiff filed his Motion and the Court directed Defendants to conduct additional searches. Further, Defendants' failure to produce these documents earlier was not substantially justified; and, an award of the attorney's fees Plaintiff reasonably incurred in filing and briefing the Motion would not be unjust.[4] As such, the Court GRANTS the portion of Plaintiff's Motion seeking such award. No later than **Monday, June 13, 2022**, Plaintiff shall file an appropriately supported fee petition requesting the attorney's fees he reasonably incurred in filing and briefing his Motion. The petition shall also state Plaintiff's position, if any, regarding which persons or entities should be required to pay the award. Defendants shall file their response to the fee petition, if any, within **10 days** of the filing of the petition, and shall limit their response to addressing the reasonableness of the fees requested and their position, if any, regarding the persons or entities against whom the fees should be awarded.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[4] However, Plaintiff's counsel did not add materially to his client's position at the April 2022 hearings or in the parties' Joint Status Report (Docs. 118, 126, 136), and thus the Court will not award him attorney's fees for his counsel's preparation for or attendance at the hearings or preparation of Plaintiff's portions of the Report.